THOMAS L. SLOAN, APPELLEE, V. ALFRED HALLOWELL, APPELLANT.

FILED MARCH 20, 1909. No. 15,587.

1. Judgment by Default: SETTING ASIDE. When a judgment on default has been entered against a defendant, which he seeks to have vacated, good practice requires him to exhibit to the court such matters in excuse of his default as he is able, and, in addition thereto, that he has a meritorious defense, either in whole or in part, to the action.

2. ——: ——. Where the ground of defendant's motion is that the petition on which the judgment was rendered is not sufficient to state a cause of action, the pleading will be liberally construed, and if, when so considered, it is found sufficient to sustain a judgment by default, the motion should be overruled.

APPEAL from the district court for Thurston county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Hiram Chase* and *J. A. Singhaus,* for appellant.

*Thomas L. Sloan* and *Curtis L. Day,* contra.

BARNES, J.

This action was brought in the county court of Thurston county, where the plaintiff, after a trial on the merits, had judgment. The defendant prosecuted an appeal to the district court. The plaintiff, who is an attorney at law duly admitted to practice in all the courts of this state, sought to recover the amount of a retainer fee alleged to be due him from the defendant. In due time he filed his petition in the district court, and the defendant attacked the same by motion, requesting the court to strike paragraph 2 therefrom. His motion was sustained, and time was given him to answer the petition as it then stood. Later on, at a regular session of the district court, the defendant having failed to file his answer, a judgment was rendered against him by default. Upon this point the transcript contains the usual recital that the defendant was in default of answer; that he was duly called in open

court, and came not, but made default; that plaintiff thereupon produced his evidence; that the court upon such evidence found the facts in his favor, and duly rendered its judgment thereon. Some time afterwards the defendant filed a motion to set aside the judgment and default, and to be let in to defend. He tendered no answer as to the merits, and there is nothing in the record which shows or tends to show that he had any meritorious defense to the plaintiffs' cause of action. In place of such an answer, he tendered a general demurrer, and thereupon the district court overruled his motion. From that ruling defendant has brought the case here by appeal.

His first contention is that the petition does not state facts sufficient to constitute a cause of action, and therefore the judgment should have been set aside. Defendant's argument proceeds on the theory that the action is one upon account. If this were true, there would be some merit in his contention. We find, however, that the action is one by an attorney at law against a client to recover a retainer fee. Without setting forth the petition, it is sufficient to say that the pleading is not one to be commended, yet in our opinion it is sufficient to sustain a judgment by default. It alleges the employment of the plaintiff by the defendant to represent him in a criminal action which was about to be commenced against him. It states the amount charged defendant as a retainer. It contains a statement of the services actually rendered in behalf of the defendant under such employment and alleges that the plaintiff rendered a statement of account to the defendant therefor; that such statement stands undenied, and also unpaid, and concludes with the usual prayer for judgment. It seems to be somewhat deficient in failing to allege that the plaintiff is an attorney at law, but we think this allegation, while entirely proper, was really unnecessary because the district court, as well as this court, will take judicial notice of the fact that the plaintiff is an attorney and counselor at law, and a practitioner in good standing in all the courts of this state.

Section 136 of the code provides: "Neither presumptions of law, nor matters of which judicial notice is taken, need be stated in the pleading." See, also, 1 Elliott, Evidence, sec. 56, note 118. We are therefore of opinion that the petition is sufficient to support a judgment against the defendant.

We come now to consider defendant's motion to set aside the judgment, and to be let in to defend. As above stated, no plea to the merits accompanied his motion. By section 606 of the code it is provided: "A judgment shall not be vacated on motion or petition, until it is adjudged that there is a valid defense to the action in which the judgment is rendered, or, if the plaintiff seeks its vacation, that there is a valid cause of action." In *Bond v. Wycoff*, 42 Neb. 214, it was held that, where a judgment on default has been entered against a defendant which he seeks by motion to have vacated, the motion must be accompanied by an answer showing a meritorious defense, either in whole or in part, to the action, and that, if no defense is alleged, it is not error to overrule the motion to vacate the judgment. The same rule was announced in *Mulhollan v. Scoggin*, 8 Neb. 202, *Fritz v. Grosnicklaus*, 20 Neb. 413, *Dixon County v. Gantt*, 30 Neb. 885, and in many other cases.

It follows that the district court did not err in overruling the defendant's motion, and its judgment is therefore

Affirmed.