# CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

## JANUARY TERM, 1914.

ALFRED HALLOWELL, APPELLANT, V. THOMAS L. SLOAN, APPELLEE.

FILED JANUARY 7, 1914. No. 17,360.

1. Judgment: VACATION: TIME FOR FILING PETITION. Section 318 of the code, which permits the commencement of a suit to vacate a judgment previously rendered, provides that "no such petition shall be filed more than one year after the final judgment was rendered." Where the final judgment was rendered on the 8th day of April, 1907, and the petition for a new trial was not filed until the 3d day of November, 1909, it is *held* that the petition was filed too late to confer jurisdiction or authority upon the district court to entertain the suit, and that a general demurrer to the petition was rightly sustained.

2. ——: ——: ——. The taking of an appeal from the original judgment to the supreme court will not have the effect of extending the time within which a petition for a new trial may be filed. See *Hellman v. Adler & Sons Clothing Co.*, 60 Neb. 580.

APPEAL from the district court for Thurston county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Hiram Chase*, for appellant.

*Herman Freese* and *Thomas L. Sloan*, contra.

REESE, C. J.

This is an action brought to vacate a judgment and for a new trial in an action by defendant against plaintiff

then pending in the district court for Thurston county, and in which the judgment was rendered on the 8th day of April, 1907. The petition in this case was filed on the 3d day of November, 1909. The action is based upon the provisions of section 318 of the code, which provides that "no such petition shall be filed more than one year after the final judgment was rendered." From the 8th day of April, 1907, to the 3d day of November, 1909, was more than one year. Therefore there was no jurisdiction or authority for the filing of the petition or for any action to be taken by the district court.

An appeal was taken from the entry of the original judgment by the district court (*Sloan v. Hallowell*, 83 Neb. 762), and a final order of affirmance was rendered March 20, 1909. From that date to the filing of the petition in this case was less than one year, but in *Hellman v. Adler & Sons Clothing Co.*, 60 Neb. 580, it was held that the "final judgment" referred to in section 318 of the code is the judgment rendered by the district court, and that an appeal to the supreme court does not extend the time within which the petition might be filed.

The judgment of the district court sustaining a general demurrer to the petition and dismissing the suit is therefore

AFFIRMED.

LETTON, J., concurring.

I concur for the reason that there are no facts set forth in the petition which make the case one for the intervention of a court of equity.

BARNES, FAWCETT and HAMER, JJ., not sitting.