JAMES McDONALD, PLAINTIFF IN ERROR, V. JOHN W.
EARLY, DEFENDANT IN ERROR.

**Trial:** NEW TRIAL. In a petition for a new trial under the code,
where it appears that the petitioner has discovered new and ma-
terial evidence, of which he had no knowledge before the trial,
the legitimate effect of which evidence, in connection with that
given on the trial, would be to entitle him to a judgment, or-
dinarily it will be the duty of the court to grant a new trial.

ERROR to the district court for Platte county. Heard
below before MARSHALL J.

*Sullivan & Reeder*, and *S. S. McAllister*, for plaintiff in
error, cited: *Cleveland, etc., R. R. Co. v. Long*, 24 Ohio
State, 133. *Chicago v. Sullivan*, 17 N. E. Rep., 460.
Maxwell Pl. and Pr., 447. Hilliard New Trials, Secs.
40, 40*a*, Ch. 25.

*George G. Bowman*, for defendant in error, cited: *Tin-
gley v. Dolby*, 13 Neb., 371. *Woodward v. Leavitt*, 107
Mass., 453.

MAXWELL, J.

This is a petition under the code for a new trial. A
new trial was granted in the court below, which ruling is
now assigned for error.

The plaintiff alleges in his petition, "that on the 15th
day of June, 1886, said defendant commenced an action
in the district court of Platte county against one Adda A.
Mathewson and the plaintiff, wherein defendant alleges as
follows:

"I.    That in the year 1874 the west half of the north-
west quarter of section 36, in township 18 north, of range
2 west, in Platte county, Nebraska, being common school
lands, and owned by said state, were duly leased to one

Nelson Millett for the period of twenty-five years from Jan. 1, 1875, and a lease therefor in due form was executed to him by the county commissioners of Platte county; that in and during the year 1884 the defendant, Mathewson, was the assignee and owner of said lease, and the same was in full force and virtue.

"2d. That in the year last named the defendant, Early, had a pretended lease from the educational board of said state for said lands, and claimed to have a right thereto superior to and better than his co-defendant, and that the defendant, Mathewson, had an action pending against said Early in the district court of said county, to have her title to said lands, under said lease to Nelson Millett, quieted and confirmed as against the claims of the defendant Early, under his said pretended lease.

"3d. That in the year 1884, and during the pendency of said litigation, the defendant, Mathewson, by an instrument in writing duly signed by her, and delivered to the plaintiff, promised, contracted, and agreed for the consideration of $50 to assign, transfer, and deliver her said lease for said lands to the plaintiff; that said transfer and assignment was to be made, and the said consideration to be paid upon the final determination of the said action then pending between said defendants, and on Dec. 24, 1883, the said Mathewson, for a valuable consideration, promised and agreed in writing to convey to the plaintiff all her right, title, and interest in and to the above described lands.

"That on the 5th day of July, 1884, a decree was rendered by said court in said action quieting and confirming the title of the defendant, Mathewson, to said lands, under her said lease, as against the claims of the defendant, Early, under his said pretended lease.

"That on or about the ...... day of August, 1884, the defendant, Early, well knowing that his co-defendant herein had contracted and agreed to transfer and assign her said

lease to the plaintiff as aforesaid, but fraudulently purposing and intending to injure the plaintiff and deprive him of the benefit of his said contract with the defendant, Mathewson, and conspiring and confederating with her to that end, procured from her an assignment of her said lease to him, the said Early, and afterwards, to-wit, on the 24th day of August, 1884, surrendered the same to the said educational board, and after having said lands appraised, purchased the same from the state, and received a contract of purchase therefor from said board, under the provisions of the statute then in force in relation to the leasing and sale of school lands.

"Plaintiff avers that his contract with the defendant, Mathewson, was, during the whole of the year 1884, and ever since has been, and still is, in full force and effect, and that its existence and validity were well known to the defendant, Early, at and before the time he procured the assignment of said lease from his co-defendant to himself as aforesaid."

The plaintiff below, Early, in his petition denies certain facts upon which the right of McDonald to recover depends, and alleges that since the trial he has discovered new and material evidence (stating it) sufficient to entitle him to a judgment in the case. The new evidence consists to a great extent of the testimony of Mrs. Adda A. Mathewson, in which she states in substance that the assignment made by her to McDonald was conditional upon his paying certain costs and expenses, and a certain specified sum of money, and that he had wholly failed to perform his part of said contract; that he had also failed to pay the amount due to the state for yearly rental of the land, and that in consequence of such failure the proper authorities of the state had served a notice upon her that unless the rent was paid by a time stated the lease would be declared forfeited; that McDonald failed to pay such rent, and she was compelled to pay the same to prevent the forfeiture of

the lease. This is new testimony, the weight of which would overcome that previously given on behalf of McDonald, and the legitimate effect of which in connection with that given on the trial would be to entitle Early to a judgment.

The judgment of the district court in granting a new trial, therefore, is right, and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.