MARIA HELLMAN V. DAVID ADLER & SONS CLOTHING COMPANY.

FILED OCTOBER 3, 1900. No. 11,166.

1. **Newly-Discovered Evidence: NEW TRIAL: APPLICATION: LIMITATION.** A party desiring to obtain a new trial on the ground of newly-discovered evidence must make his aplication to the district court within one year from the date of the judgment in that court.

2. ———: ———: ———: ———: CAUSE PENDING IN THE SUPREME COURT. The district court has authority, for one year after rendering final judgment in a case, to entertain an application for a new trial on the ground of newly-discovered evidence, and grant the relief demanded, although the cause may be pending ˇfor review in the supreme court.

ERROR to the district court for Douglas county. Tried below before DICKINSON, J. *Affirmed.*

*Connell & Ives,* for plaintiff in error.

*Montgomery & Hall, contra.*

SULLIVAN, J.

This proceeding in error has for its object the reversal of a judgment denying Maria Hellman's application for a new trial based upon an alleged discovery of material evidence after the adjournment of the term at which the case of *David Adler & Sons Clothing Co. v. Maria Hellman* was decided. The final decree in the case mentioned was

rendered in February, 1895. It was adverse to the defendant, and she appealed to this court, where the decision of the district court was affirmed June 9, 1898. It appears from the record that the petition for a new trial was dismissed because it was not filed within, the time limited by section 318 of the Code of Civil Procedure. It was filed October 27, 1898; more than three years after the final judgment was rendered in the district court, but within one year after the judgment of affirmance was pronounced. Counsel for the plaintiff in error contend that their application was seasonably made, because the final judgment contemplated by the limitation law is the ultimate decision rendered in the case, whether such decision be given by the trial court or by this court. We think counsel are wrong.

The policy of the legislature with respect to the re-examination of the issues of fact once tried and determined is clearly indicated in article 6 of the Civil Code. A party claiming a new trial must show diligence; he must move promptly. Any needless delay, any inertness, on his part, which hinders the court in bringing the litigation to a speedy conclusion results in a forfeiture of the statutory right. Section 316 is as follows: "The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly discovered evidence material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented." Section 318 provides: "Where the grounds for a new trial could not, with reasonable diligence, have been discovered before, but are discovered after the term at which the verdict, report of referee, or decision was rendered or made, the application may be made by petition filed as in other cases; * * * but no such petition shall be filed more than one year after the final judgment was rendered." It is quite clear from the sections quoted that, if the new evidence

is discovered during the term at which the cause was decided, although after the decision was rendered, the application for a new trial must be made at that term. Under these circumstances the law exacts of the unsuccessful suitor a high degree of diligence as the price of a new trial. Why should it be less exacting after the adjournment of the term at which the cause was decided? If a defeated litigant elects to abide by the judgment of the district court, the time within which he may move for a new trial is certainly limited to one year from the date of such judgment. Why should he be given a longer period because he is disposed to be litigious? Why should he be permitted to lengthen the time by instituting an appellate proceeding and conducting it leisurely to judgment? We can not believe that the legislature would have required a party to be expeditious and diligent in applying for a new trial at one stage of the case if it intended to allow him to take his own time at another stage. The period of limitation should, it would seem, begin to run from the date of the decision in the district court, for the trial there may, and frequently does, suggest the possible existence of other material evidence. The trial in this court, however, reveals nothing with respect to the facts of the case that was not known before.

The petition for a new trial, if presented in apt time, may be entertained by the district court although the cause be pending in this court for review. Such is the obvious meaning of the statute, and such is the construction given like statutes in other jurisdictions. *Cook v. Smith*, 58 Ia., 607; *Gibson v. Manly*, 15 Ill., 140. A party desiring to obtain a new trial under the provisions of section 318 of the Code has, therefore, the right in every case to make his application within one year from the date of the judgment in the district court, and that court has authority to entertain his petition and grant the relief demanded, although the cause may be pending for review in this court. The legislature did not intend to say that the remedy which it provided should be available under

all circumstances for one year, and might, at the option of the complaining party, be made available for an indefinitely longer period.   This conclusion is in harmony with the dictum of Chief Justice MAXWELL in *Bradshaw v. State*, 19 Nebr., 644.

The judgment is

AFFIRMED.