LUVINA SMITH ET AL., APPELLANTS, v. THOMAS GOODMAN, ADMINISTRATOR, APPELLEE.

FILED SEPTEMBER 22, 1916. No. 19545.

1. **Appeal: EFFECT: NEW TRIAL.** Appeal to this court from a judgment in an action does not deprive the district court of jurisdiction to grant a new trial of that action.

2. **New Trial: TIME FOR APPLICATION.** If the court upon appeal affirms the judgment of the lower court, the time allowed for applica-

tion for a new trial under the statute begins from the date of the judgment in the district court. If this court upon appeal directs the district court to enter a different judgment than the one appealed from, the time runs from the entering in the district court of the judgment so directed.

3. ———: NEWLY DISCOVERED EVIDENCE: PETITION. The petition for a new trial under section 8207, Rev. St. 1913, must show that the grounds alleged could not, with reasonable diligence, have been discovered during the term in which the verdict was entered or decision made. The alleged newly discovered evidence must relate to the issues joined in the original case, and the petition for a. new trial must set out the newly-discovered evidence and show how it is related to the issues presented. The evidence must be material and not merely cumulative. It must be of such a substantial nature as to make it appear that, if such evidence had been received in the original trial, the judgment must probably have been different.

4. ———: ———: RECORDS. Public records will rarely be admitted as newly discovered evidence, and, if records and written documents are relied upon as newly discovered evidence, such writings should be so described, and so much of them set out in the petition for a new trial that the court can determine whether they furnish such material evidence as to require another trial of the cause.

5. ———: ———. The allegation that a witness who testified upon the original trial will now vary his testimony, or even that he will contradict his former testimony upon material facts, furnishes no ground for a new trial.

6. ———: PETITION: DEMURRER. The allegations of the petition for a new trial, the general character of which is indicated in the opinion, are *held* insufficient to show an abuse of discretion by the trial court in sustaining the demurrer to the petition.

APPEAL from the district court for Johnson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*L. W. Colby* and *S. P. Davidson,* for appellants.

*Burkett, Wilson & Brown, Ralph P. Wilson* and *Jay C. Moore,* contra.

SEDGWICK, J.

The district court for Johnson county entered judgment pursuant to the decision of this court in *Goodman v. Smith,* 94 Neb. 227, and thereupon the defendants at the

Smith v. Goodman.

same term of court filed a motion for a new trial on the ground of newly discovered evidence. The district court overruled the motion, and the defendants appealed to this court. Upon the motion of the plaintiff, the appeal was dismissed, and the defendants began this action in the district court for a new trial under section 8207, Rev. St. 1913. After a demurrer to the petition had been sustained the plaintiffs filed an amended petition, and a general demurrer was also sustained to the amended petition and the action dismissed, and the plaintiffs have appealed.

The original action was in equity, and under the statute this court is required to try such actions *de novo* without reference to the findings of the trial court. For this reason, it is contended that the district court had no jurisdiction to grant a new trial for any reason, as the judgment of that court had been reversed by this court and a new judgment entered pursuant to the findings and judgment of this court. It is said that, this court having directed specifically what judgment should be entered in the district court, this court alone would have jurisdiction to entertain a motion for a new trial. Appeal to this court from a judgment in an action does not deprive the district court of jurisdiction to grant a new trial of that action. *Hellman v. Adler & Sons Clothing Co.,* 60 Neb. 580. This practice has been frequently recognized by this court. We do not think that this objection is well taken. While this court upon appeal tries equity causes *de novo,* it tries them wholly upon the record presented and the evidence taken in the trial court, and determines what judgment should have been entered by the lower court. The judgment directed by this court is predicated upon the evidence already taken, and if that judgment is induced by perjury in the record, or if new evidence is discovered of such a nature as would require the district court to grant a new trial in ordinary cases of judgment in that court, there seems to be no reason why the district court might not entertain jurisdiction in the one case as well as in the other.

Smith v. Goodman.

It is also contended that, when the new evidence is discovered during or before the term in which the final judgment is entered in the district court, the application for a new trial must be by motion, and that in such a case no action for a new trial under section 8207, Rev. St. 1913, can be entertained by the district court. In the appeal to this court from the order of the district court overruling the motion for a new trial, the motion in this court to dismiss the appeal alleged only the following grounds for such dismissal: "That the decree appealed from was entered pursuant to the mandate of this court giving special direction to the court below as to the decree to be entered." In the order of this court dismissing the appeal, no reason is stated for so doing. It may have been dismissed for other reasons than those stated in the motion. At all events, under the circumstances, without determining whether the decision of that motion and the dismissal of that appeal constituted a bar to this action, we have concluded to examine the petition demurred to and determine whether the facts alleged in the petition would justify the granting of a new trial if regularly and properly presented.

The petition demurred to is very elaborate. It sets out in full the pleadings in the original action, and then alleges at large the grounds relied upon for a new trial by the defendants in the original case, who are the plaintiffs in this case. The petition for a new trial under the statutes must show that the grounds alleged could not, with reasonable diligence, have been discovered during the term in which the verdict was entered or decision made. The alleged newly discovered evidence must relate to the issues joined in the original case, and the petition for a new trial must set out the newly discovered evidence and show how it is related to the issues presented. The evidence must be material, and not merely cumulative; that is, it must be of such a substantial nature as to make it appear that, if such evidence had been received in the

original trial, the judgment must probably have been different.

It will be remembered that after the death of Thomas Phippin, Mrs. Goodman's father, her mother became the wife of one Worthy Luce, who at the time of his death, shortly before the original action was begun, held the legal title to the property in question. After his death his children by his marriage with Mrs. Phippin, Mrs. Goodman's mother, claimed all of the property as the heirs of Worthy Luce, and Mrs. Goodman began the original action to establish an interest in the property as the heir of her father, Thomas Phippin.

A vital question in the original case was whether Thomas Phippin, Mrs. Goodman's father, did, in his lifetime, purchase the 40 acres of land in Wisconsin and pay for the same. The petition alleges that, before the trial of the original case in the district court, these petitioners, as defenders in that case, "employed competent legal counsel and made diligent efforts to secure proper evidence to establish the facts in said action under the issues therein, and as defendants alleged them to be in their said answer and cross-petition." They name a well-known and able counsellor of this court as the attorney so employed, and allege that he made the most thorough and careful investigation of all the evidence, including the known witnesses and the public records from which any evidence could be obtained, and that they made use of the evidence so obtained upon the original trial. They allege that one of the plaintiffs, who was a defendant in the original action, "made a trip to the state of Wisconsin and made diligent inquiries among the former neighbors, friends and acquaintances of said Thomas Phippin and said Worthy Luce, and caused the public records in Waukesha and Milwaukee counties in said state to be examined in search of proofs in support of the allegations in said defendants' answer and cross-petition, and also made diligent inquiries from all those then living who seemed to be liable to have any knowledge upon said sub-

ject in search of such proofs; and these petitioners further caused S. P. Davidson, their attorney, at great expense to them, to make two separate trips to Waukesha county, Wisconsin, in search of such proofs, and said S. P. Davidson made said two trips for such purpose, and made diligent search in said state for such proofs and any and all evidence which would have a bearing upon the issues in said action, by consulting former acquaintances and neighbors of said Worthy Luce and of said Thomas Phippin, and by consulting a local attorney in the city of Waukesha, Wisconsin, to aid in such search, and said S. P. Davidson also made further diligent search and inquiries among the neighbors and acquaintances of said Worthy Luce in the state of Nebraska for such proofs and for evidence in support of the allegations set forth in the defendants' answer and cross-petition in said action, and for any and all evidence that would throw any light upon the issues in said case; but, notwithstanding the said efforts on the part of the said Luvina Smith and of these petitioners and their said attorney, they were each and all unable to obtain any other proofs or evidence on their behalf than those presented in the trial of said action in the district court, as shown by the bill of exceptions allowed therein, and were unable to show by competent evidence or discover witnesses who would testify to the facts set forth in defendants' answer and cross-petition," and that, after the trial and final decision in the district court pursuant to the mandate of this court, these petitioners, defendants in that case, employed another lawyer, not alleged to be more competent than the first, "and renewed their efforts and search at great expense to discover proofs and evidence in support of the defense and of the allegations set forth in their answer and cross-petition, and caused L. W. Colby to go to the state of Wisconsin and make inquiries of public officers," and to do various other things quite similar to those things performed by the first attorney.

It seems from the allegations of the petition that the second attorney discovered some matters that had escaped the diligent search of the first. These matters are of more or less importance, and would in some respects, perhaps have added some additional evidence, but it does not appear from the allegations that he discovered and could produce any official record that would necessarily have required a different decision of the original case. It is alleged that the plaintiffs have discovered evidence since the final decision in the district court "that said Thomas Phippin was not the owner nor in the possession of, in lifetime or at his death, of the forty-acre tract of land in Waukesha county, * * * and did not at any time purchase the same from Henry Redford or any other person;" that they "will be able to prove the foregoing facts of ownership and possession by the custodian and the records of Milwaukee county, in the territory of Wisconsin, and by the custodian and records of said territory in the land office at Madison, Wisconsin, and by an ancient document, purporting to be a land officer's receipt, dated in 1847, and discovered by these petitioners among certain old papers and rubbish formerly in the possession of Worthy Luce at his old farm and residence in Johnson county, Nebraska, found since the judgment, decree and findings entered in the district court for Johnson county." Such allegations of new evidence and what they would be able to prove thereby are altogether too indefinite. They should allege what the documents are, setting out so much of them as will show their authenticity and what they would establish if received in evidence, so that the court can judge from the documents themselves whether the evidence they furnish would probably require a different judgment from the one already entered. There are many other allegations of the same general nature, to which the same objections apply. To analyze all of these would too greatly extend this discussion.

It is alleged in the petition for a new trial that the plaintiff in the original trial introduced the testimony of one Ira Redford, who testified that Thomas Phippin traded for the land and "obtained the title and possession thereof from his brother, Henry Redford, and held such possession from the date of said trade till the time of said Thomas Phippin's death." It then alleges reasons for supposing that the evidence of Redford was not reliable, and continues, alleging a large amount of other evidence introduced by the plaintiff in that action which was material to the issues there presented, and then alleges "that all of said evidence and testimony and each and every part thereof was at the time of its introduction, as hereinbefore set forth, and is, false and untrue." The allegation that a witness who testified upon the original trial, will now vary his testimony, or even that he will contradict his former testimony upon material facts, furnishes no ground for a new trial. If a new trial should be had because of his change of testimony, and a different judgment entered, he might then again change his testimony and still another trial would be required.

Records showing that the title to the Wisconsin land was never in the name of Thomas Phippin is not new evidence. It appeared upon the former trial that no deed was made until after the death of Phippin, and the deed was then made to his wife, the mother of Mrs. Goodman. That the mother of Mrs. Goodman had possession of the land and exercised acts of ownership over it at and before her marriage with Worthy Luce is not material evidence, and is not inconsistent with the evidence upon the former trial.

Upon the former trial Mrs. Goodman testified that she never knew that her interest in these lands was denied, or that the title was not held in trust for her under mutual understanding by all parties interested, until very shortly before her action was begun in the district court. This evidence was very important to take her action out of the statute of limitations, and was apparently

not denied upon the former trial. It is now alleged in the petition for a new trial that on several occasions, once as early as 1874, and other occasions more than ten years before the action was begun, Mrs. Goodman insisted upon her interest in the land, and that the parties holding the legal title denied that she had any interest, and absolutely rejected her claims. If this was true, the statute of limitations would have run against Mrs. Goodman's action long before she commenced the same, which would have required a judgment for the defendants in that action. It is alleged in the petition for a new trial that these facts can be proved now by John Rutter, who resides at Oneida, Kansas, and by Lydia Horn, who resides in Lincoln, and by the testimony of other competent witnesses not named. The petition does not show who John Rutter is, nor why his evidence could not have been procured upon the original trial. It is alleged that Mrs. Horn is the widow of Henry Horn, who was the brother of Ann Luce, Mrs. Goodman's mother. It is alleged that they attempted to get the evidence of Mrs. Horn, and for that purpose wrote her a letter, "requesting her to make a statement of her knowledge of the facts," but received no answer, and that they did not know that those facts were within her knowledge. It seems that a personal interview with Mrs. Horn elicited all the knowledge she had in regard to the matter, and if these plaintiffs knew that she was a sister-in-law of Mrs. Luce, and had reason to suppose that she might be able to give testimony, it seems strange that no personal interview was had before the original trial. Mrs. Goodman died before the original action was finally determined, and we do not think that the trial court erred in refusing to grant a new trial for the purpose of taking the testimony of these two witnesses upon a matter that does not go to the merits of the case under the circumstances in this case. If Mrs. Goodman was still living, and could meet these witnesses in court, and these plaintiffs had shown due diligence to discover the evidence

of these two witnesses, the conditions would be quite different.

It appears from the petition that this plaintiff, Luvina Smith, "resided in the state of Indiana during all the time that Worthy Luce lived in Johnson county," and that "George Luce and Mary Luce did not reside with Worthy Luce, and had no means of knowing * * * what the facts were in regard to the ownership" or the sale of the Wisconsin land or the investment of the proceeds thereof, and, as suggested in the former opinion, Mrs. Goodman and her mother and stepfather had no quarrels, and apparently had complete understanding of their business matters, and now, after the death of all the parties directly interested, these heirs of Worthy Luce, relying upon the fact that the parties interested in the property allowed the title to remain in the name of Worthy Luce, and that they would inherit directly from him, while Mrs. Goodman does not, attempt to deprive Mrs. Goodman and her heirs of Mrs. Goodman's interest in the property. The law does not favor new trials because of alleged newly discovered evidence after all the parties interested in the judgment already entered have died; and in all cases those who seek for another trial upon such grounds are required to make strict and satisfactory proof that new evidence has been discovered that could not have been found before the original trial by due diligence, and that such evidence is of such a character that the court can see from the proposed evidence itself and the nature of the case that if it had been introduced upon the former trial a different judgment would probably have been entered. It may be that if another trial is had these plaintiffs would be able to defend against the claims of Mrs. Goodman so as to require a judgment in their favor, but the allegations of this petition are not such as to require this court to hold that the trial court abused its discretion in sustaining the demurrer and dismissing the petition.

The judgment of the district court is

AFFIRMED.