THOMAS B. WARD, ADMINISTRATOR, APPELLANT, V. THOMAS
GEARY, APPELLEE.

FILED NOVEMBER 18, 1925.   No. 23302.

Gifts.   Evidence examined, and *held* insufficient to support a finding
that the money received by defendant from James Carroll in
his lifetime was a gift, and *held* sufficient to require a finding
that defendant received the money in trust for said Carroll.

APPEAL from the district court for Douglas county:
JAMES M. FITZGERALD, JUDGE.   *Reversed, with directions.*

*A. H. Murdock* and *J. J. Breen,* for appellant.

*S. L. Winters, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMP-
SON and EBERLY, JJ.

GOOD, J.

Action by Thomas B. Ward, as administrator with the
will annexed of the estate of James Carroll, deceased,
against Thomas Geary, to declare that certain funds, re-
ceived by defendant from plaintiff's decedent in the latter's
lifetime, be held in trust, and to require defendant, as
trustee, to account for and pay over the trust funds.   In the
court below defendant prevailed, and plaintiff has appealed.

In March, 1917, James Carroll was the owner of stock in
the Commercial Savings & Loan Association to the extent
of $10,000.   At this time Carroll was 74 years of age and
was afflicted with physical ailments, so that he was very
much crippled and suffered a great deal of pain.   He had
become irritable, peevish and petulant.   His wife, Margaret,
with whom he had lived for 45 years, or upward, had in
her later years become quarrelsome and fault-finding.   The
two did not live together in that peaceful harmony which
should characterize the relations between husband and wife.
They became somewhat estranged, and from time to time
Carroll would leave his home and go to the home of de-
fendant, his brother-in-law, and stay for a day or two, and
finally, some months before his death, he made his home
with defendant.

In March, 1917, Carroll went to the savings and loan association's office and there executed an assignment of his stock in said association to his brother-in-law, the defendant, making the statement at the time that he did not want his wife to receive a cent of his money. The pass-books which he held, representing his investment in the savings and loan association, had always been left at the office of the association, and they so remained after he executed the assignment. Carroll continued to draw the semi-annual dividends accruing on this stock so long as it remained in the association. Sometimes the dividends were paid direct to him and sometimes the check representing the dividends was made payable to defendant and indorsed by defendant, and Carroll drew the money. In July, 1919, the stock was surrendered, and its value received from the association either by defendant or by Carroll, and by the latter turned over to defendant. Shortly thereafter Carroll made a will, in which, after devising a life estate in the homestead property to his wife and making one small bequest, he devised and bequeathed all the rest and residue of his estate to his brother-in-law, the defendant. In November, following, Carroll departed this life. The will was admitted to probate. Mrs. Carroll was appointed administratrix with the will annexed and subsequently died, and Ward was appointed administrator *de bonis non* in her stead. The administrator brings this action to recover the funds arising from the withdrawal of the stock from the savings and loan association, on the theory that it was turned over to defendant, in trust, to hold for Carroll.

Defendant admits that the stock was transferred and assigned to him in 1917, and it is either admitted or proved, without dispute, that Carroll continued to draw the dividends up to and including July, 1919, and that at that time the stock was surrendered and its value in money received by defendant. Defendant's contention is that the money was turned over to him as a gift.

Both parties have filed elaborate briefs, in which they discuss the question as to whether or not the transfer by

Carroll to defendant was made with intent to defraud Mrs. Carroll of her rights as a wife in her husband's property. In view of the conclusion at which we have arrived, it will be unnecessary to consider that question.

The fact that Carroll went alone to the savings and loan association in March, 1917, and executed an assignment of the stock, which he held in the association, to defendant, but thereafter continued to draw the dividends as long as the money remained in the association, tends very strongly to indicate that Carroll did not understand that he was making an absolute gift to defendant, and the fact that defendant permitted Carroll to draw the dividends during that time likewise indicates that defendant did not consider it as an absolute gift.

In defendant's answer to the original petition in this action, he states:

"That long before the death of the said deceased, James Carroll, said certificates were duly assigned to this defendant, and the records of the Commercial Savings & Loan Association will show the exact date of said assignment.

"That thereafter on July 1, 1919, said money was withdrawn by this defendant from the said Commercial Savings & Loan Association at the express request of the said James Carroll, and the money turned over to this defendant."

Again, the witness, Louise Kerwin, testified that, after the death of Carroll, she had a talk with defendant, respecting the money which he had received from Carroll in his lifetime. Among other things, she testified that defendant said: "Jim (meaning Carroll) said, 'Tom, I want you to take this money, and take care of it.'" Defendant was called as a witness in his own behalf and testified that he received the money from the savings and loan association. He did not deny the statement attributed to him by Mrs. Kerwin, and that statement stands uncontradicted. There is no claim or pretense that defendant gave anything in consideration for the money so received by him.

We think the evidence is wholly insufficient to establish that the transfer of the stock in the association was a gift

to defendant, and, while it is somewhat meager, the evidence indicates rather clearly that defendant received the money and took it into his possession to take care of it for Carroll. The evidence justifies and requires a finding that defendant received the money in trust and that it belongs to the estate of Carroll. Demand has been made upon defendant for its return to the estate, and he has refused. The evidence shows that he received on the 1st of July, 1919, the sum of $9,940, the money that belonged to James Carroll. For this amount, together with interest from the time demand was made, he is liable to plaintiff in this action. The record does not clearly indicate when demand was made; however, the commencement of the action amounts to a demand as of that date.

The judgment of the district court is reversed, with directions to enter a judgment in favor of plaintiff for $9,940, plus interest thereon at 7 per cent. per annum from the time the action was begun until the entry of judgment.

REVERSED.

Note—See Gifts, 28 C. J. sec. 82—Trusts, 39 Cyc. 85.