THOMAS B. WARD, ADMINISTRATOR, APPELLANT, V. THOMAS GEARY, APPELLEE.

FILED DECEMBER 1, 1926. NO. 25428.

Appeal and Error: FINAL ORDER. When, in an equity case, this court upon an appeal directs the district court to enter a different judgment than the one appealed from, the defeated party may, within three days from the rendition of the judgment in the district court and within the term, file a motion for a new trial, under section 8825, Comp. St. 1922. In such cases an order granting a new trial is not a final order and no direct appeal will lie therefrom. If there is error in such ruling, it may be reviewed only after a final disposition of the case.

APPEAL from the district court for Douglas county: JAMES M. FITZGERALD, JUDGE. *Appeal dismissed.*

*John P. Breen* and *A. H. Murdock,* for appellant.

*S. L. Winters, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DAY, J.

This case is before us on a motion to dismiss the appeal for want of jurisdiction, the point being that there was no

final order of the district court, from which alone an appeal would lie.  At the same time the motion was argued, counsel for the respective parties argued and submitted the case on its merits, to be considered only in the event of the overruling of the motion.

The action was originally brought in equity by Thomas B. Ward, administrator of the estate of James Carroll, deceased, against Thomas Geary, to recover a sum of money which the administrator claimed belonged to the estate of, James Carroll, deceased.  The petition was framed upon the theory that the money in the hands of Geary was a trust fund; prayed that it be so declared and that an accounting be held.

The defendant answered that the money in his possession was a gift from Carroll.  Upon a trial of the issues presented by the pleadings, the lower court found in favor of defendant Geary and entered judgment accordingly.  From this judgment the plaintiff took an appeal to this court, where, upon a trial *de novo,* the judgment of the district court was reversed, with directions to enter judgment in favor of the plaintiff for $9,940 with interest thereon from the time the action was begun until the entry of the judgment.  *Ward v. Geary,* 114 Neb. 50.

On January 25, 1926, in obedience to our mandate, the district court entered judgment against defendant Geary for $13,940.85.  On January 28, 1926, during the term at which the judgment was rendered and within three days from the entry thereof, Geary filed a motion for a new trial, alleging, among other grounds, newly discovered evidence which could not, with reasonable diligence, have been discovered and produced at the trial.  On consideration of the motion and the showing in support thereof, the trial court sustained the motion and granted a new trial.  From this order the plaintiff took a direct appeal to this court.

The precise question presented by the motion to dismiss the appeal is whether the order granting a new trial was such a final order that an appeal may be taken therefrom without awaiting a final judgment.  It will be noted that

when the judgment was rendered on January 25, 1926, the defendant was for the first time the aggrieved party. Up to this time, he was satisfied with the judgment. Thereupon the defendant, within three days from the rendition of the judgment, and during the term, filed a motion for a new trial under the provisions of section 8825, Comp. St. 1922, alleging, among other grounds, "newly discovered evidence which could not, with reasonable diligence, have been discovered and produced at the trial." The section referred to provides in substance that a motion for a new trial may be granted an aggrieved party upon the ground of "newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

The rule is well established that, where a motion for a new trial is filed under the provisions of the statute above referred to, and a new trial granted, such a ruling is not a final order from which a direct appeal will lie to the supreme court. *Brown v. Edgerton,* 14 Neb. 453; *Artman v. West Point Mfg. Co.,* 16 Neb. 572; *Johnson v. Parrotte,* 46 Neb. 51. Our practice recognizes the propriety of filing a motion for a new trial in an equity case, although such motion is not ordinarily necessary. *Smith v. Goodman,* 100 Neb. 284.

Section 9160, Comp. St. 1922, makes provision for vacating a judgment within a limited time after the term at which it was rendered, upon the grounds named therein, among which are the same provisions as in section 8825, Comp. St. 1922, respecting newly discovered evidence. With respect to vacating judgments after the term under the provisions of section 9160, Comp. St. 1922, there has been some confusion in the decisions of our court, our former holding being to the effect that an order granting a new trial was not a final order and that an appeal would not lie from such ruling until a final disposition of the case. *Trimble & Blackman v. Corey & Son,* 86 Neb. 5. In a more recent case, *Wunrath v. Peoples Furniture & Carpet Co.,* 98 Neb. 342, the *Trimble & Blackman* case, *supra,* was

overruled, and it now seems to be fairly established that an order granting a new trial under the provisions of section 9160, Comp. St. 1922, is a final order which may be reviewed on a direct appeal to the supreme court. A clear distinction is drawn between proceedings under sections 8825 and 9160.

In *Smith v. Goodman,* 100 Neb. 284, an equity case, this court had before it a somewhat similar situation. In the course of the discussion the court used this language:

"It is said that, this court having directed specifically what judgment should be entered in the district court, this court alone would have jurisdiction to entertain a motion for a new trial. Appeal to this court from a judgment in an action does not deprive the district court of jurisdiction to grant a new trial of that action. *Hellman v. Adler· & Sons Clothing Co.,* 60 Neb. 580. This practice has been frequently recognized by this court. We do not think that this objection is well taken. While this court upon appeal tries equity causes *de novo,* it tries them wholly upon the record presented and the evidence taken in the trial court, and determines what judgment should have been entered by the lower court. The judgment directed by this court is predicated upon the evidence already taken, and if that judgment is induced by perjury in the record, or if new evidence is discovered of such a nature as would require the district court to grant a new trial in ordinary cases of judgment in that court, there seems to be no reason why the district court might not entertain jurisdiction in the one case as well as in the other."

Upon a review of the record in the light of our decisions, we hold, when, in an equity case, this court upon appeal directs the district court to enter a different judgment than the one appealed from, the defeated party may, within three days from the rendition of the judgment in the district court and within the term, file a motion for a new trial, under section 8825, Comp. St. 1922. In such cases an order granting a new trial is not a final order and no direct appeal will lie therefrom. If there is error in such ruling,

it may be reversed only after a final disposition of the case.
The motion to dismiss the appeal is sustained.

APPEAL DISMISSED.