PENN MUTUAL LIFE INSURANCE COMPANY, APPELLEE, V. KARL E. LINDQUIST ET AL., APPELLANTS.

271 N. W. 429

FILED FEBRUARY 19, 1937. NO. 29957.

*Brown, Fitch & West,* for appellants.

*Hall, Young & Williams,* contra.

Heard before ROSE, GOOD, EBERLY, PAINE and CARTER, JJ., and KROGER, District Judge.

PAINE, J.

Defendants and appellants filed a petition for a new trial, under section 20-1145, Comp. St. 1929, on the ground of newly discovered evidence, which was discovered after the term in which the decree was rendered. The plaintiff demurred to the petition, from the sustaining of which demurrer the defendants appeal.

The facts are fully discussed in the opinion, released April 17, 1936, in this same case, found in 130 Neb. 813, 266 N. W. 600, which sets out that an action in equity was brought by the insurance company on June 22, 1934, to cancel a total disability rider, or agreement, attached to a life insurance policy for $10,000, dated October 14, 1930. This court held that the incontestability clause of one year did not apply to this total disability rider. It also affirmed the decree of the lower court canceling the total disability agreement on the ground of alleged false answers made in the application.

It appears from the petition for a new trial that, during the pendency of the appeal, and in August, 1935, the insurance company mailed a notice to the defendant Karl E. Lindquist that interest in the amount of $9 was due on September 21, 1935, upon $150 for one year at 6 per cent., and on September 23, 1935, he paid said sum and received a receipt therefor.

It is also alleged that the premium due in September, 1931, was paid by a note, dated October 21, 1931, for $386.50, made up of $331.80, annual premium on the $10,000 policy, and $54.70 upon the total disability rider; that the said $150 is the balance unpaid on said note given for premium.

Defendants set out in their motion for new trial that this payment of $9 has taken place since the trial of the case, and such transaction is material and controlling, and ask that the court grant a new trial, so that evidence of this payment of $9 interest can be introduced. The plaintiff having filed a demurrer, the matter was argued, and the trial court sustained the demurrer.

The plaintiff tendered to the defendants the full amount paid as premiums on the total disability provision, with interest up to that date, which tender was refused, and the money, $261.65, was then deposited with the clerk of the district court for the benefit of the defendants. The note given for the premium due in September, 1931, had a number of payments made on it, and the $150 was simply the balance unpaid on said note, and was a lien against the policy.

In the addenda to brief of defendants, and in the exhibit attached to the affidavit of defendant Karl E. Lindquist filed therewith, it is indicated that the notice of this $9 interest was sent out from plaintiff's office in error, and that this payment of interest has been tendered back to said defendant, but refused by him.

In a very recent case in the United States supreme court, entitled *American Life Ins. Co. v. Stewart*, 81 L. Ed. 306, released February 1, 1937, Justice Cardozo discusses several of the same questions which arise in the case at bar. Actions in equity were brought after the death of the insured to set aside two policies of life insurance for fraudulent misstatements in the application. The district court decreed the cancelation and surrender of the policies, and the circuit court of appeals reversed this decree. 80 Fed. (2d) 600; 85 Fed. (2d) 791. Justice Cardozo reverses the decree of the circuit court of appeals, and in his discussion shows that a suit in equity can best give relief in such cases.

The defendants cite the case of *McDonald v. Early*, 24 Neb. 818, 40 N. W. 410, in which it was held: "In a petition for a new trial under the Code, where it appears that the petitioner has discovered new and material evidence, of which he had no knowledge before the trial, the legitimate effect of which evidence, in connection with that given on the trial, would be to entitle him to a judgment, ordinarily it will be the duty of the court to grant a new trial."

But it must appear in such application for a new trial that the new evidence is of so controlling a nature as to

probably change the result of the former trial. *Williams v. Miles,* 73 Neb. 193, 102 N. W. 482; *City Savings Bank v. Carlon,* 87 Neb. 266, 127 N. W. 161; *Nelson v. State,* 121 Neb. 658, 238 N. W. 110.

This court has also said that the new facts upon which a new trial may be granted should not only be competent, relevant, material, and contradictory, but they should render clear and positive that which was before equivocal and uncertain, and should be of such a trustworthy character as will probably bring about a different result in case a new trial is granted. *Wiegand v. Lincoln Traction Co.,* 123 Neb. 766, 244 N. W. 298.

We are unable to say that, if the court granted the petition for a new trial, the receipt of this evidence, showing the payment of $9 for one year's interest on the balance of this old note or lien, would keep the disability provision of the contract in force, or change the decree entered by the trial court or this court.

It may be admitted that this evidence could not have been presented at the trial, but we do not find, as the defendants argue, that as a matter of law this evidence would entitle the defendants to a judgment against the plaintiff. Finding no error in the ruling of the district court, the same is hereby

AFFIRMED.