AMERICAN NATIONAL RED CROSS, APPELLANT, V. GLEN B.
YOUNG ET AL.: SCHOOL DISTRICT NO. 82 OF NEMAHA COUN-
TY, APPELLEE.

276 N. W. 194

FILED NOVEMBER 26, 1937.   NO. 30119.

*Courtright, Sidner, Lee & Gunderson* and *Edgar Ferneau,*
for appellant.

*Armstrong & McKnight, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER
and MESSMORE, JJ., and TEWELL, District Judge.

DAY, J.

This is a suit for an accounting brought by the Ameri-
can National Red Cross against the officers of the Julian
Branch and School District No. 82. The dispute is over
a certain fund, $1,000 of which the district spent for im-
provements of its property. The district court entered a
judgment for the defendants, and the plaintiff appeals.

The school district admits receiving $1,000 during 1926
from a fund raised during wartime, but contends that the
fund was raised by a group of local citizens, and did not
belong to the American National Red Cross. The school
district also claims that more than four years have elapsed
since it received the money, and that recovery is barred
by the statute of limitations. The Red Cross replied that
it demanded the return of the $1,000, and on the 26th of
October, 1927, the school district issued its warrant, which
was registered but never paid, to repay the money to the

fund, and that this is an acknowledgment of the indebtedness in writing.

The case, therefore, involves the ownership of the fund from which the $1,000 originated. It appears from the record that the $1,000 was a part of a fund of $3,600 in the Julian Bank in an account designated "Red Cross Flag." It was put in the bank and controlled by prominent citizens of the town who were also officers of the local Red Cross. This fund represented the proceeds of a sale at Julian on June 1, 1918. At that time a flag was sold for $2,650 of the $3,600, and the fund derived its name from this sale. No part of the fund included membership dues, but the articles which were sold were donated, and the prices paid at auction were much more than their intrinsic value.

Since this suit involves the ownership of this particular fund, it will be necessary to examine its genesis. The people in the vicinity of Julian, a village of about 150 inhabitants, had an unusually patriotic spirit, and wished to do more than their share in the war emergency. They had oversubscribed every quota to the Red Cross at the time this sale was held in June, 1918. The community was asked to contribute funds for other worthy causes during the war. They were asked for funds by the Y. M. C. A., the Knights of Columbus, and the Salvation Army. There were some in this community who thought the money should be a community fund to be paid as needed to the various agencies doing the work. It is admitted by all that the sum is a large one for this community. The charter and by-laws and the manual for chapters are made a part of the record by stipulation. This would be, under the circumstances of this case, controlling as to the use of the money, if this is in fact the property of the American National Red Cross. It is not contended here that this is a proper use of Red Cross funds. It is not contended here that the school district should not repay the money loaned back into the fund; but it is contended that the American National Red Cross is not entitled to the fund,

and therefore cannot maintain this suit. It was stipulated that an advertisement appeared in the Nemaha County Herald. The advertisement was:

"Red Cross Sale

"A Red Cross Sale will be held at Julian next Saturday, June 1. Bring anything that is suitable. Let us be liberal. This is a time when the miser is detested.

"Col. C. L. Mesnet, Chairman
"Col. John Aufenkamp, Auctioneer,
assisted by Col. Herman Ernst
and O. O. Barney."

This is contended to advertise the sale as a Red Cross sale. This stipulation was made during and as a part of the examination of Mrs. J. C. Voline, business manager of the Nemaha County Herald. This is mentioned because it relates to a subject hereafter discussed. Mr. Mesnet was chairman of the local branch of the Red Cross. He was a prominent citizen, and had other activities. He was also cashier of the local bank in which the funds of the Red Cross and this fund were kept. Immediately prior to the sale it was announced by one of the auctioneers, and according to one witness by Mr. Mesnet also, that the Red Cross quota had been oversubscribed, and that the proceeds of this sale were being raised for a community fund, and not for the Red Cross alone. There was much conversation to the effect that this money was to be used to meet future demands for war work, including the Red Cross. Under these conditions the sale was held, and the proceeds were put in the bank by Mr. Mesnet, not in the regular account of the local branch of the Red Cross, but in this separate account. It was never reported by the officers as the property of the American National Red Cross. During the following years auditors of the American National Red Cross examined the books and the account in the bank. They asked about this account, the "Red Cross Flag," and were told it was a community fund, and was not Red Cross money. Some controversy arose

about this, and in 1927 the school board issued a warrant to repay this loan to Mr. Paul Bize. He was president of the local Red Cross branch, but there is no evidence that the warrant was payable to him as such. He claims otherwise. The warrant reads:

"No........................      Julian, Nebraska      $1,000.00
      "School Order on District Treasurer
                        "Oct. 26th, 1927.
"Treasurer of School District No. 82 of Nemaha County,
                                                    Nebr.
Pay to the Order of Paul Bize, President
————————One Thousand and No/100————————Dollars
out of any moneys in your hands belonging to the General Fund Paid for Loan.
"Countersigned
"E. C. Ferguson                G. B. Young
"President or Moderator        Secretary or Director"

While we are not passing upon its sufficiency to toll the statute of limitations, it falls far short of amounting to an acknowledgment of the debt to the Red Cross. It was registered by the treasurer of the school district, but never delivered or paid, and was finally canceled. Mrs. Voline alone testified that this was a Red Cross sale in opposition to numerous other witnesses. She was and is an officer of the county organization. If the others can be said to be personally interested in keeping the money in the community, she manifests an equal interest in taking it out of the community.

Considering all this evidence, the district court found for the defendant school district, and against the American National Red Cross. While this is an equity case, triable *de novo* before this court, we will consider, when the evidence is in conflict, that the trial court saw and heard the witnesses and reached this conclusion. The evidence does not justify any other conclusion. The trial judge was the Honorable John B. Raper, a veteran judge of large experience upon the bench of this state. This court reaches

the same conclusion after an examination of the evidence. It is contended that in another case the court held at an *ex parte* hearing that the fund was Red Cross money. The Red Cross did file a claim against the receiver of the failed bank, and was paid a 50 per cent. dividend on a balance of $1,500. This was not contested. It is not controlling here.

A motion for a new trial on the ground of newly discovered evidence was filed, supported by the affidavits of one of the attorneys for the plaintiff and the witness, Mrs. Voline. The motion was overruled by the Honorable Virgil Falloon, successor in office to the trial judge. The newly discovered evidence set out in the affidavit of Mrs. J. C. Voline is that Mr. C. L. Mesnet, chairman of the Julian Branch of the Red Cross, by long distance telephone requested her to insert the advertisement heretofore noted in the Nemaha County Herald. Mr. Aufenkamp testified he asked that the advertisement be inserted in the paper, and he was not authorized to do so by any official of the Red Cross. Even if important, in view of the fact that a public announcement was made at the sale that the money was for a community fund, and not for the Red Cross exclusively, it would not entitle the plaintiff to a new trial on the ground of newly discovered evidence. A motion for a new trial on the ground of newly discovered evidence is within the sound judicial discretion of the court, and the court's ruling thereon will not be disturbed unless there was a clear abuse of discretion. *Blaha v. Chicago & N. W. R. Co.,* 119 Neb. 611, 230 N. W. 453; *Christensen v. Omaha & C. B. Street R. Co.,* 85 Neb. 694, 124 N. W. 96. There is no evidence of an abuse of discretion here. Mrs. J. C. Voline was a witness at the trial. During her testimony the advertisement was admitted by stipulation. She was, according to her testimony, business manager of the Nemaha County Herald. She did not testify as to the advertisement, and she was not asked. The record does not show she was not available for rebuttal after Mr. Aufenkamp testified. Newly discovered evidence must not only

be material, but of such a substantial nature as to render it probable that it would produce a different result. *Killion v. Dinklage,* 121 Neb. 322, 236 N. W. 757; *Smith v. Goodman,* 100 Neb. 284, 159 N. W. 418. There is no showing of diligence which failed to produce the testimony at the trial, the affiant was a witness, and the testimony was not such as would probably change the result. There was no abuse of judicial discretion in overruling the motion for rehearing.

The finding of this court is the same as the trial court, and the judgment will not be disturbed.

AFFIRMED.