RICHARD E. FINNERN, APPELLEE, v. HARRY E. BRUNER, JR., APPELLANT, IMPLEADED WITH ARVELLA D. BRUNER ET AL., APPELLEES.

101 N. W. 2d 905

Filed March 25, 1960. No. 34680.

*Frost, Meyers & Farnham* and *James E. Fellows,* for appellant.

*Haney & Walsh,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action which originated by the filing of a petition for a new trial on the ground of newly discovered evidence. The trial court found that the newly discovered evidence was sufficient to warrant a new trial and entered a final order granting a new trial of the case. The defendant Harry E. Bruner, Jr., has appealed.

The case was previously before this court. *Finnern v. Bruner,* 167 Neb. 281, 92 N. W. 2d 785. We shall not review the facts and holdings in that case except as they become important to a disposition of the present case.

The former suit was brought to quiet title to Lot 25, Block 2, Ak-Sar-Ben Hill Addition in Omaha, Douglas County, Nebraska. Plaintiff has been the record

title owner of the property since December 28, 1956. The purpose of the suit was to have the title thereto quieted with reference to the lien of a judgment for child support rendered in a divorce decree on March 7, 1922, in favor of Bessie May Bruner and against Harry E. Bruner, Sr., who was the record title owner of the property at a time when the child-support judgment properly became a lien thereon. The amount of the judgment lien at the time the original suit was filed was in excess of $10,000. The decree did not provide that the child-support payments were to be paid into court.

It was contended throughout the former trial that plaintiff was entitled to have the title quieted as against the lien of the child-support judgment on the grounds of the statute of limitations, laches, equitable estoppel, and payment. This court finally determined that the statute of limitations, laches, and equitable estoppel had no application and that the evidence did not sustain a finding that the judgment had been paid. The judgment on the mandate of this court was duly rendered on February 3, 1959. The petition for a new trial alleges new evidence bearing solely upon the question of payment of the child-support judgment.

The new evidence asserted as the basis for a new trial is substantially as follows: On June 15, 1942, the Conservative Savings and Loan Association loaned Harry E. Bruner the sum of $550, which was secured by a real estate mortgage on the property here involved which was duly placed of record. On August 17, 1943, the Conservative Savings and Loan Association made a second loan to Harry E. Bruner in the amount of $750 which included the unpaid balance of the first loan. This mortgage was also secured by a real estate mortgage on the property involved in this suit and was duly placed of record. These real estate mortgages were fully paid and released of record on May 28, 1945.

The evidence further shows that on March 2, 1959, a

Mr. and Mrs. Thomas F. Sheehan, the parents of Thomas J. Sheehan who had sold and warranted the title of the property to plaintiff, called at the office of the Conservative Savings and Loan Association. They discussed with the secretary of the association the difficulties their son was having as a result of the lien of the child-support judgment. The secretary of the association recalled the mortgage transaction with Harry E. Bruner and upon an examination of its files discovered an instrument signed and sworn to by Bessie May Bruner Blake, formerly Bessie May Bruner, which constitutes the new evidence relied on in the present case. The instrument is headed: "IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA Bessie May Bruner, plaintiff, versus Harry E. Bruner, defendant. STATE OF NEBRASKA, DOUGLAS COUNTY, ss." The instrument then recites the following facts, among others: "Affiant further states that the said Harry E. Bruner made each and all of the payments to the undersigned for the support and maintenance of the said children 'until the said Catherine Bruner shall have attained the age of 16 years' in the manner and at the times as required by the provisions of the decree entered in the above entitled action, and that the said Harry E. Bruner paid the attorneys' fees as ordered by the terms of said decree and also paid the costs taxed in said action." The foregoing was sworn to by Bessie May Bruner Blake before a notary public on June 13, 1942. The evidence shows that at the time of the first trial both Harry E. Bruner and Bessie May Bruner Blake were deceased.

The attorney for the plaintiff who commenced and tried the quiet-title suit testified as follows: Before commencing the suit in 1957 he checked the records of the clerk of the district court in the divorce action for any record of payment. He checked the probate proceedings in the estates of Harry E. Bruner, Bessie May Bruner Blake, and William Albin Blake, the second husband of Bessie May Bruner. He checked the real estate

records in the office of the register of deeds. He checked the records of the intervening holders of the title to the property. He checked with neighbors in areas of the city where the Bruners had lived before and after their divorce. He testified that for a month before filing the suit he spent much time in searching for some evidence of payment of the child-support judgment without uncovering any tangible evidence that it had been paid.

It is fundamental that a district court has the same power to hear and determine a petition for a new trial on the ground of newly discovered evidence after an appeal to the Supreme Court as it would have if no appeal had been taken. Smith v. Goodman, 100 Neb. 284, 159 N. W. 418; Ward v. Geary, 115 Neb. 58, 211 N. W. 208.

The law does not, however, favor new trials on the ground of newly discovered evidence. A petition for a new trial on the ground of newly discovered evidence must be filed within the terms and in the manner prescribed by sections 25-1143 and 25-1145, R. R. S. 1943. The newly discovered evidence must be of such a nature that if offered and admitted at the former trial it probably would have produced a substantial difference in result. Such evidence must be competent, material, and credible, and not merely cumulative. It must involve something other than the credibility of witnesses who testified at the former trial. It must appear that the unsuccessful party had no knowledge of the newly discovered evidence at the previous trial and could not have discovered it by the exercise of reasonable diligence. Smith v. Goodman, *supra*.

The defendant Harry E. Bruner, Jr., first contends that plaintiff's petition did not state a cause of action in that it did not allege that the new evidence could not have been discovered by the exercise of reasonable diligence prior to the former trial. While this precise language is not used in plaintiff's petition, it does allege that great

effort and diligence was employed prior to the trial of the former case by examining the records of the register of deeds and the records of the county and district courts, and in interviewing neighbors for evidence of payment. It further alleges that the instrument alleged to constitute new evidence, a copy of which was attached to plaintiff's petition, was buried in the old files of the Conservative Savings and Loan Association without any knowledge on the part of the plaintiff until it was accidently discovered on March 2, 1959. The allegations as to the exercise of due diligence were clearly sufficient. It is the facts constituting due diligence which must be alleged. Davies v. DeLair, 148 Neb. 395, 27 N. W. 2d 628.

The new evidence discovered was clearly admissible as bearing on the question of payment of the child-support judgment. Whether it was intended as a satisfaction of the child-support judgment, a release as to the specific property upon which the Conservative Savings and Loan Association held a mortgage, or as a protection to the mortgagee as an inducement to the making of the loan, are not for determination in this proceeding. Our only concern here is whether or not a new trial should be granted. It is clear that plaintiff had no knowledge of the instrument at the first trial. The case resolves itself into a question of whether or not the plaintiff could have discovered the instrument in the exercise of due diligence.

The evidence does not show, nor is it contended, that any public record gave an indication of the existence of the instrument. It was retained in the files of the loan company at all times subsequent to its execution. The mortgages were given in 1942 and 1943 and released of record in 1945. We do not think the exercise of due diligence would require a party to interview the former holders of mortgages long since paid off and satisfied in seeking evidence of payment of a judgment. Such an interview would more likely be dictated by mere chance than by logical reasoning. Due diligence as here

used is that diligence which parties ordinarily pursue in preparing for the trial of important litigation. It seems to us that to require the amount of diligence for which defendant contends, in order to obtain a new trial on the ground of newly discovered evidence, would impose too great a burden upon a party to an action.

Whether or not reasonable diligence has been exercised must be determined from the facts of each case in which that issue is involved. Erwin v. Watson Bros. Transfer Co., 129 Neb. 64, 260 N. W. 565. In the instant case the evidence shows that the new evidence came to the plaintiff since the first trial and was not available to him previous to that trial. The plaintiff, under the facts disclosed by the record, exercised due diligence prior to the trial and failed to uncover the instrument asserted as newly discovered evidence. We are of the opinion that the trial court properly concluded that plaintiff was entitled to a new trial on the ground of newly discovered evidence on the issue of the alleged payment of the child-support judgment.

AFFIRMED.