UNIVERSAL TERRAZZO & TILE CO., A CORPORATION, APPELLEE AND CROSS-APPELLANT, v. PARSONS CORPORATION, A CORPORATION, ET AL., APPELLANTS AND CROSS-APPELLEES.

204 N. W. 2d 149

Filed February 9, 1973. No. 38589.

Young, Kuhn, Person & Liakos, for appellants.

Monen, Seidler, Ryan & Festersen, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This was an action to recover the amount due the plaintiff for work upon the Sunset Shopping Center at Norfolk, Nebraska. The defendant Parsons Corporation was the principal contractor on the project. The plaintiff was a subcontractor. The Insurance Company of North America was the surety on a performance bond for Parsons.

The trial court found that the plaintiff should recover the amount of $62,295.39 from the defendants; an additional $4,578.64 from Parsons; and an attorney's fee in the amount of $8,000 from the insurance company.

Separate motions for new trial filed by the defendants were overruled on March 1, 1971.

On January 21, 1972, the defendants filed a petition for a new trial because of newly discovered evidence. The defendants appeal from the order overruling this motion.

The newly discovered evidence consisted of a written contract, dated October 13, 1966, in which N.N.D. Investment Company agreed to invest $32,000 in Community Betterment Specialists in return for a promise that the plaintiff would be awarded a contract for work at the Sunset Shopping Center project. N.N.D. Investment Company was controlled by the officers and stockholders of the plaintiff. Community Betterment Specialists was the promoter of the Sunset Shopping Center project.

The contract between Sunset Plaza, Inc., the owner of Sunset Shopping Center, and Parsons was a "cost of the work plus a fee" contract. The contract included all subcontracts as a cost of the work.

The subcontract between the plaintiff and Parsons consisted of a work order, dated January 31, 1968, to furnish labor and materials for certain specified work on the project together with additional work that was performed at the request of Parsons. Parsons contends its contract with the plaintiff was without consideration and therefore unenforceable because the plaintiff was already bound to do the work under the contract with Community Betterment Specialists. The record does not support this contention.

The 1966 contract between the plaintiff and Community Betterment Specialists merely provided that Sunset Plaza, Inc., and W. C. McNeely, the president of Sunset Plaza, Inc., and Community Betterment Specialists, would "take such steps as are necessary to consummate a contractual agreement whereby Universal Terrazzo will be awarded a contract in the amount of $46,591.00 for the furnishing of all labor and materials" for specified work.

At the trial, William C. Hawkins, the president of Parsons, was asked how the subcontract came to be let to the plaintiff. He testified that McNeely and another employee of Community Betterment Specialists gave him some figures that had been submitted by Mr. Bortolotti, an officer of plaintiff, and stated: "'If the figures are in line, we would like to use Mr. Bortolotti and he will buy stock from us in our companies.'" Hawkins further testified the figures were in line; Parsons was requested to issue a purchase order; and a purchase order was written in January 1968. At the hearing on the motion, Hawkins testified that Parsons regarded the plaintiff as a subcontractor.

Newly discovered evidence does not require the granting of a new trial unless it is of such controlling nature that it probably would change the result of the former trial. Penn Mutual Life Ins. Co. v. Lindquist, 132 Neb. 220, 271 N. W. 429; Finnern v. Bruner, 170 Neb. 170, 101 N. W. 2d 905. The newly discovered evidence in this case does not satisfy that requirement.

The evidence at the trial showed that Parsons knew McNeely wanted the subcontract let to the plaintiff because Bortolotti was a prospective investor in Community Betterment Specialists. The 1966 contract with N.N.D. was of little additional significance. Community Betterment Specialists did not contract with the plaintiff to do the work at the project but merely agreed to arrange for the contract to be let to the plaintiff. Parsons knew the circumstances when it accepted the plaintiff as a subcontractor on the project. The evidence did not entitle the defendants to a new trial.

The plaintiff cross-appeals from the refusal of the district court to award an additional attorney's fee for the proceedings on the petition for a new trial. Apparently the district court believed the fee previously allowed was adequate to cover the additional proceeding. We find no abuse of discretion in that regard.

The judgment of the district court is affirmed. The

plaintiff is allowed the sum of $500 for the services of its attorneys in this court to be taxed against the defendant Insurance Company of North America.

AFFIRMED.