Camillo Buzzello, Administrator, appellant, v. Theodore Sramek, appellee.

Filed May 15, 1923. No. 22378.

1. **Negligence:** Res Ipsa Loquitur. Where, in an action for damages against the owner of an automobile who parked the car against the curb of a public street having a 10 per cent. grade, stopped the engine and securely set the brakes, which were in good condition, the car is shown to have remained at the place where parked from 10 to 20 minutes, and, then, propelled by gravity, to have run down the street and produced the injury complained of, and third persons are shown to have been in proximity to the car while it was parked, in the absence of evidence tending to show that the car was started through some agency for which defendant was responsible, the rule of *res ipsa loquitur* will not be applied.

2. **Appeal:** Rulings on Instructions. The defeated party cannot successfully complain of the rulings of the court on the giving or refusing to give instructions where the court would have been justified in directing the jury to return a verdict in favor of the other party.

3. **New Trial:** Newly Discovered Evidence. "In order to obtain a new trial on the ground of newly discovered evidence, the evidence alleged to have been newly discovered must be such that the party applying for the new trial could not with reasonable diligence have discovered and produced it at the trial." *Van Horn v. Cooper & Cole Bros.*, 88 Neb. 687.

Appeal from the district court for Douglas county: James M. Fitzgerald, Judge. *Affirmed.*

*John O. Yeiser* and *E. A. Conaway*, for appellant.

*Kennedy, Holland, DeLacy & McLaughlin, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and GOOD, JJ., BEGLEY, District Judge.

MORRISSEY, C. J.

This action was brought by plaintiff as administrator of the estate of Raffaelle Buzzello, a child two years of age, who was fatally injured May 24, 1920, by an automobile belonging to defendant which defendant had left standing upon one of the streets of the city of Omaha. The street descended at a 10 per cent. grade to the west, and it is alleged that defendant left his car on the south side of the street facing west with the engine running, without having the brakes securely set or the wheels "at the proper degree against the curb;" that the vibrations of the engine caused the car to break the hold of the brakes, and through the force of gravity descend the street, cross the curb thereof, and produce the injury complained of.

In his answer defendant made a general denial of negligence, and alleged that he had parked the car against the curb and securely set the brakes, which were in good condition, shut off the engine and left the car in such a position that it could not be moved without the interference of some outside agency, and that the movement of the car was the result of some person, unknown to defendant, having tampered with the car and released the brakes. The cause was tried to a jury, and from a verdict and judgment for defendant, plaintiff has appealed.

Plaintiff offered the testimony of a neighbor who witnessed the accident. He testified that he had seen the car parked at the curb in front of defendant's home; that it was parked "in a diagonal shape." He saw the car run down the hill and strike the child. He went to the car immediately after the accident, but could not say whether the engine was running or not. Having been recalled for redirect examination, and being again cross-

examined as to the position of the car when parked; in answer to the question, "The front wheels were up against the curb?" he answered, "It looked that way; yes, sir." Two other witnesses who saw the car strike the child were called by plaintiff. But they had not seen the car at the curb, knew nothing of the way in which it had been parked or of the agency which put it in motion.

Defendant testified that he parked the car at an angle of about 45 degrees to the curb, with the emergency brake securely set, and that he stopped the engine. In this he is corroborated by the testimony of his sister-in-law, who was a passenger with him at the time he parked the car, and by the testimony of a pedestrian who passed on the north side of the street after the car had been parked and who subsequently saw the car running down the hill, and witnessed the accident. A neighbor who lived across the street described the parking of the car in substantially the same way. From the testimony of all the witnesses we may say that it is conclusively shown that from 10 to 20 minutes elapsed between the parking of the car and the time of the accident. The physical facts were such that, if the car was parked with one wheel against the curb and the brakes, which are shown to have been in good condition, securely set, the car could not have left the curb and run down the hill without the intervention of some agency for which defendant was not responsible. There is testimony to show that between the time of parking the car and its descent of the hill two or three boys were playing in the street close to the car. They are not shown to have meddled with the car, and we are left to conjecture as to whether they turned the steering wheel and released the brakes. However, there is a total failure of proof of any negligence on the part of defendant, unless we do as requested by plaintiff, namely, apply the rule of *res ipsa loquitur*. Under the record presented this we cannot do.

The fact that the automobile remained in the position

Buzzello v. Sramek.

in which it was parked from 10 to 20 minutes before it descended the hill is corroborative of defendant's testimony; it indicates that the car was properly parked, and the circumstances surrounding the accident are more consistent with the view that it was caused by some unknown person releasing the brakes and turning the steering wheel than by the defendant's negligence.

As announced in *Keber v. Central Brewing Co.* 150 N. Y. Supp. 986: "The rule of *res ipsa loquitur* cannot apply, where no negligence of defendant is shown by direct evidence, and it is apparent that there may have been other causes than defendant's negligence which led to the accident."

Appellant complains of the instructions of the court; but, inasmuch as plaintiff has wholly failed to make out a case against defendant and the court would have been justified in directing the jury to return a verdict in defendant's favor, it is unnecessary to review the instructions.

In support of the motion for a new trial plaintiff filed affidavits showing the discovery of two witnesses by whom it is alleged he could furnish new or additional evidence. According to the showing only one of these could contribute anything material to the issue. At the time of the accident this witness was a tenant of plaintiff and for several months thereafter she continued to reside on the same lot with plaintiff and his family. The intercourse between the families appears to have been cordial, and sufficient reason is not shown for the failure to produce this witness at the trial.

"In order to obtain a new trial on the ground of newly discovered evidence, the evidence alleged to have been newly discovered must be such that the party applying for the new trial could not with reasonable diligence have discovered and produced it at the trial." *Van Horn v. Cooper & Cole Bros.*, 88 Neb. 687.

There is no prejudicial error in the record, and the judgment is

AFFIRMED.