REINHOLD WIEGAND, APPELLEE, V. LINCOLN TRACTION COMPANY, APPELLANT: WESTERN UNION TELEGRAPH COMPANY, APPELLEE.

FILED SEPTEMBER 23, 1932. No. 28321.

*Leonard A. Flansburg, George A. Lee* and *John O. Sheldahl,* for appellant.

*Sanden, Anderson & Gradwohl, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY and PAINE, JJ., and BEGLEY and BLACKLEDGE, District Judges.

PAINE, J.

The plaintiff, who was a Western Union messenger boy, brought this action for personal injuries suffered by him when, in riding his bicycle east on O street in Lincoln on Armistice Day, 1929, he was crushed between an automobile and a street car. A verdict was returned against the Lincoln Traction Company, and, upon the overruling of the motion for a new trial, it was brought to this court.

This is the second appearance of this case in this court. The first opinion was entered April 24, 1931, and can be found in 121 Neb. 130. This first opinion, which states the facts briefly, reversed the district court for directing a verdict for the defendants, and held that the issues of negligence and contributory negligence should have been submitted to the jury.

■ Upon a retrial of the case, the jury returned a five-sixths verdict for the plaintiff upon October 3, 1931, and a judgment thereon was entered the same day, as provided by section 20-1313, Comp. St. 1929, and approved in *Crete Mills v. Stevens,* 120 Neb. 794. The record discloses that the jury were instructed to deliberate until 10:00 p. m. in the evenings, and then were excused by the court until 9:00 a. m. the following mornings, when they returned into court, answered roll call, and continued deliberating, as provided in section 20-1109, Comp. St. 1929, which salutary provision is recommended for the purpose of giving the jury a night's rest.

■ The record also discloses that communications to the judge from the foreman of the jury were at once directed by the court to be marked as exhibits and made a part of the record, and formal entries made at the court's direction of such requests for the reading of testimony and the remarks of counsel making no objection thereto, and all statements of the foreman of the jury and the court were recorded, for it is generally understood that any communication between the judge and the jurors after they have retired to deliberate are improper except such as are made in open court. 20 R. C. L. 257. The full record is shown of exactly what procedure was followed each time the jury were called back into the room during their deliberations. This formality on the part of the trial judge is to be commended to the end that no unauthorized communications be had by or with jurors. 20 R. C. L. 255; *Hopkins v. Bishop,* 91 Mich. 328; *Taulborg v. Andresen,* 119 Neb. 273.

■ Upon October 5, 1932, a motion for a new trial was filed, and upon October 16 a supplemental motion for a new trial was filed, based upon new evidence to be given by newly discovered witnesses, as set out by the affidavits of the defendant's attorneys engaged in the trial of the case, as well as in the affidavits of the new witnesses, whose evidence was also taken in the form of depositions in the case of two witnesses. *Draper v. Tay-*

*lor,* 58 Neb. 787. Upon December 28 the motion for a new trial was overruled, and on December 31 notice of appeal was given, and upon March 1, 1932, præcipe was filéd in this court, setting out in the printed portion thereof that it was an appeal from a *judgment* entered October 3, 1931, some *five* months previously. Appellee therefore contends that, more than three months having elapsed from the date of the judgment, no issue is presented to this court by this appeal.

It may be admitted that section 20-1912, Comp. St. 1929, does so provide, but there is also in the same section the provision, "or within three months from the overruling of a motion for a new trial in said cause."

In the case relied upon by the appellee, *Huffman Automobile Co. v. Moline Plow Co.,* 110 Neb. 279, the appeal was dismissed because it was not filed until some four months after the date of the entry of the judgment, and while it was filed within three months of the overruling of the new trial, as it was in the case at bar, yet this fact could not avail to save the appeal, for a motion for a new trial was held improper, as there was no trial of an issue of fact upon the pleadings. *Horton v. State,* 60 Neb. 701; *Algermissen v. Crete Mills,* 118 Neb. 72; *Bowers v. Raitt,* 96 Neb. 460; *Payne v. Garth,* 285 Fed. 301; *Dodge v. Healey,* 103 Neb. 180; *Clapper v. Putnam Co.,* 70 Okla. 99.

In the case at bar, the transcript having been filed within three months of the overruling of the motion for a new trial, the court has jurisdiction to pass upon all errors presented by such ruling.

■ ■ The appellant sets out as prejudicial error the ruling of the trial court in admitting a record of the conviction of Sidney M. Graham, principal witness for the defendant at the first trial.

The evidence in reference to this contention will be briefly set out. This witness was an employee of Woods Brothers Company, entirely disinterested in the case, and was standing in a safety zone a short distance ahead of

the approaching street car, waiting to become a passenger upon the particular street car involved in the accident. He was perhaps in the best position of any person to see exactly what happened at the moment of the accident. He watched the street car and the automobile travel parallel just before the accident. He testified that the messenger boy, going faster than either, attempted to pass between them. He saw him caught in the wedge-shaped triangle as the automobile swerved towards the street car. This testimony was given by him at the first trial upon March 27 and 28, 1930. Upon September 30, 1931, while examining witnesses for the defendant, Judge Flansburg made this statement: "I make the statement in the record that Mr. Sidney Graham was last in Des Moines, Iowa, and is now outside of the state and outside of the jurisdiction of the court so he can't be subpœnaed, and we offer in evidence his former testimony, the testimony given in the former trial." There was no objection, and the same was read from the bill of exceptions by Judge Flansburg.

The plaintiff, for the purpose of impeaching this testimony, so read to the jury, introduced in his rebuttal two sections from the Code of Iowa, showing that the false drawing of checks was a felony, and then introduced a certified copy of an indictment and a plea of guilty entered by said Sidney M. Graham upon May 20, 1931, of uttering a false check drawn upon the Omaha National Bank for $50, and of his sentence to the county jail for 60 days. It will be seen that the sentence took place some 14 months after he was sworn at the first trial and gave the evidence read at the second trial, but took place some four months prior to the time of the trial at which this former testimony was read.

It is insisted that section 20-1214, Comp. St. 1929, provides that a witness may be interrogated as to his *previous* conviction of a felony, and the only competent proof thereof is the record thereof, unless he admits such previous conviction. *Bosteder v. Duling,* 115 Neb. 557. It

is clear that the testimony given in the first trial was long prior to his conviction, but reading that testimony is the same as if a deposition was offered, and such evidence, the jury may be instructed, is to be considered the same as if the witness had personally appeared and testified in court. If he had so appeared and testified at the second trial, the evidence of his conviction would have been proper. It was held in *State v. Painter,* 96 W. Va. 401, that, although the witness was competent when his deposition was taken, his testimony cannot be read if he has become incompetent to testify before the trial. *Le Baron v. Crombie,* 14 Mass. *234; *Federal Coal Co. v. Royal Bank of Canada,* 10 Fed. (2d) 679. And in *Messimer v. McCray,* 113 Mo. 382, it was held that a deposition stands for a witness, and his competency to testify can only be determined when it is offered.

Although the point is new in this state, we are convinced that the district court was right in permitting the record of the conviction of a felony by this witness to be introduced in evidence.

■ The last error which will be considered is that of not granting a new trial on the ground of the newly discovered evidence of five additional eye-witnesses to the accident.

In the bill of exceptions, 130 pages are used to set forth the proceedings and record on the motion for new trial. Affidavits are set out of the attorneys conducting the trial for the defendant, showing the strenuous efforts they had made, with little results, to find additional eye-witnesses of the accident, and setting out that there was no possibility of discovering them until the verdict of $14,125 was given general publicity in the newspapers. They indicate that the news of this large verdict at once resulted in discussion generally, and at once brought them information of this additional and highly important new evidence.

The court has examined each of the affidavits signed by 35 affiants, several signing more than one affidavit, and has examined the depositions of 66 pages given by Frank

Mishek and his wife, Gladys Mishek, taken before Dale P. Stough, notary, upon December 15, 1931.

In the former opinion, it is set out that the plaintiff and a high school girl testified that the plaintiff was riding his bicycle on the street car track directly in front of the oncoming street car, which he testified gave him a terrific blow from behind and pushed him into an automobile. The opinion states that the defendant's evidence, on the other hand, was to the effect that the plaintiff rode up from behind until he was alongside the street car, when he was caught and rolled between the street car and an automobile which had veered over towards the street car to avoid hitting an automobile backing out from the curb. This was the vital difference between the litigants.

At the two trials in the district court, the defendant produced two eye-witnesses, the policeman at the corner and Sidney M. Graham, who had heard the crash of the handle-bars breaking through the glass of the automobile and looked and saw all that could be seen. Each of these witnesses testified what they had seen from their positions in front of the street car.

The newly discovered evidence of the five eye-witnesses may be briefly set out, as follows: Mr. and Mrs. Frank Mishek were driving in their automobile, which was immediately behind the automobile of Carl Goldenstein, involved in the accident, and it is shown that they were driving slightly to one side of the car ahead, so that they had a clear view of all that took place. There is also the evidence of W. S. Derr and his grown son, Donald, both of Dodge, Nebraska, who were sitting in a car parked along the south side of O street and about two car lengths to the rear or west of the place of the accident. The fifth of the new witnesses discovered since the trial is H. E. Wilson, who was driving his car immediately behind that of Frank Mishek, and describes new facts about the accident, and never disclosed that he had seen the accident until he read of the large verdict returned

against the defendant traction company, whereupon he immediately telephoned the manager of that company that he had seen the accident.

These witnesses are able to disclose just where and how the plaintiff rode down that street on his bicycle for a considerable distance before the accident happened, and disclose that there were spaces in the line of automobiles in which he could have ridden in comparative safety, and positively testify that the plaintiff never at any time reached a position in front of the street car. This evidence appears to be definite and clear, and is of considerable importance in arriving at the truth upon the questions of negligence and contributory negligence.

The record discloses that the reputation for truth and veracity of two of these new witnesses has been attacked by other affidavits, and this fact is a question of credibility which a jury might well determine.

For many years applications for new trials on the ground of newly discovered evidence have not been favored by our courts. *Smith v. Goodman*, 100 Neb. 284; *Fitzgerald v. Brandt*, 36 Neb. 683.

The reason is that the moving party had ample opportunity to carefully prepare his case and to secure all of the evidence before the trial. After the case is lost he is always aroused to diligent activity, which should much better have been put forth before the trial.

While smarting under defeat and disappointment, he is under the strongest temptation to make a plausible showing for a new trial and thus reopen the case. *People v. Taminago*, 35 Cal. App. 238. But it has always been the policy of the law to make such efforts well nigh hopeless and to grant a new trial only in exceptional cases, to the end that counsel will expend more vigorous efforts in making the fullest preparation before the trial and be vigilant and diligent in securing all their evidence without a mental reservation that, if anything is overlooked now, I can easily get a new trial in case of defeat.

Verdicts would rarely stand if courts permitted any claim of newly discovered evidence, no matter how baseless, to win a new trial. This is true because, in the trial of every important lawsuit, when a large crowd attends the trial and newspapers publish the details, an aroused public interest leads to a general discussion which invariably brings out many additional facts, often of little value. It has been held that additional facts in support of evidence already taken can rarely support a new trial. *Schlencker v. Risley*, 3 Scam. (Ill.) 483, 38 Am. Dec. 100.

But, on the other hand, the South Carolina court, as early as 1798, held: "In very intricate and doubtful cases, notwithstanding the finding of a jury, the court will, in the exercise of its extraordinary discretion, order a new trial in some cases, for the better attainment of justice." *Brown v. Frost*, 1· Am. Dec. 633 (2 Bay. [S. Car.] 126).

Let us examine our own legislative enactment on this subject. Section 20-1142, Comp. St. 1929, reads in part: The former verdict shall be vacated and a new trial granted for any of the following causes: "Seventh. Newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial." It is clear that in a proper case the right to a new trial shall be granted, and that it is the duty of a trial court, as well as of the appellate court, to carefully examine, weigh, scrutinize, and analyze such applications and all the proofs in support thereof.

It is first required that the evidence be competent, relevant and material to the issues. It must not be additional proof of a fact already proved, and merely cumulative or impeaching in some respects, nor is it sufficient that the testimony will contradict or discredit former witnesses.

What is reasonable diligence? Facts and circumstances must be clearly set out by the affidavits of the attorneys as well as of the party appealing, from which the court

may determine whether the party did in truth use reasonable diligence in searching for this newly discovered evidence before the former trial. *Todd v. City of Crete,* 79 Neb. 677. In fact, the party must negative every circumstance from which a lack of diligence might be inferred. *Axtell v. Warden,* 7 Neb. 186. He must show that all proper efforts had been made to discover it before the first trial. *Brazil v. Moran,* 8 Minn. 236, 83 Am. Dec. 772. It has even been held that it must be shown that the witness will give the newly discovered evidence if a new trial is granted and he is called. 14 Ency. Pl. & Pr. 790.

Defendant must show that the evidence came to him since the trial, and was not equally available to him previous to that trial, and was not simply discovered by exercise of belated diligence.

The hardship of a particular case cannot weigh against the rule preventing one who has had a full and fair opportunity to prepare his case from dragging out the litigation by bringing in evidence which, with due diligence, he ought to have discovered before the trial. *Toledo Scale Co. v. Computing Scale Co.,* 261 U. S. 399.

Newly discovered evidence on an issue not prominent in the case, and which was only a minor issue, is not ground for granting new trial. *Dishman v. Whitney,* 121 Wash. 157, 29 A. L. R. 460.

It is claimed that the new evidence is merely cumulative. This court has held many times that, when the new evidence is merely cumulative, it will not warrant a new trial. *Hoffine v. Ewings,* 60 Neb. 729; *Hill v. Helman,* 33 Neb. 731. For it is clear that, if the new evidence will simply add a few more witnesses to the same question of fact to which others have testified, it does not warrant a new trial, for the jury should not be controlled by the mere number of witnesses who testify to any given fact.

But, if the probable result of the new evidence would be a different verdict, a new trial should be granted. *Williams v. Miles,* 73 Neb. 193; L. R. A. 1916C, 1162,

note; Freeman, Judgments (5th ed.) 508; *McDonald v. Brown*, 90 Neb. 676; 24 Mich. Law Review, 731; *Jones, v. Wellcome*, 141 Minn. 352.

It has been held that new cumulative evidence must be so potent that, by strengthening evidence already offered, a new trial would probably result in a different verdict. *State v. Hawkins*, 121 S. Car. 290, 27 A. L. R. 1083.

Such new evidence must be of such a nature as to render clear and positive that which was before equivocal and uncertain, and be so important to the issues involved as to indicate that upon another trial a different result will probably be reached.

It must, however, be kept in mind that a party will not be granted a new trial where he went to trial knowing of the absence of this particular party and the evidence he would give, and yet took no proper steps for a continuance on that ground. *Benge's Adm'r v. Marcum*, 194 Ky. 121; *Ebaugh v. Burns*, 65 Mont. 15.

The courts of various states have put forth rules within which they hold the particular application must be brought or it will not avail. Some of these rules were enumerated in the case of *Berry v. State*, 10 Ga. 511, as early as 1851, and this old case is still referred to by many textwriters.

It has been said by one court that newly discovered evidence should be positive, conclusive and capable of definitely settling the controversy. *King v. Swanson*, 216 Ill. App. 294.

It is a presumption of law that a verdict deliberately reached by the jury is right, and a court is slow to set it aside. It may be granted that motions for new trial, based on the ground of newly discovered evidence, are not favored and are usually overruled, to the end that litigation may not be dragged out interminably. However, justice sometimes requires that in exceptional cases such a motion should be sustained.

Many attempts have been made by courts, as well as textwriters, to formulate rules designed to prevent in-

justice to the losing party, and at the same time to guard against giving him an unwarranted advantage. The defeated party, to make a showing on this ground sufficient to entitle it to be given serious examination and careful consideration by the court, should comply with section 20-1142, Comp. St. 1929, and in the case at bar the affidavits filed were further sustained by depositions taken of the evidence of newly discovered witnesses.

In rebutting the presumption that the verdict is right, the following guides should be borne in mind:

1. To deny that he went to trial knowing of the evidence in question and took no steps to continue the trial;

2. To offer proof that neither the litigant nor his attorneys could have discovered such evidence before the trial by the exercise of due diligence, sufficient to rebut any claim of laches;

3. To show clearly that the evidence offered is not simply additional facts in support of evidence already taken;

4. To set out the time and the manner of the discovery of the new evidence offered, bearing in mind that forgotten facts never constitute newly discovered evidence;

5. That the evidence offered is not only competent, relevant, material, and contradicting, but that it goes much farther and renders clear and positive that which was before equivocal and uncertain;

6. That the evidence offered is not on a minor issue, and is of such trustworthy character that its admission would probably bring about a different result in case a new trial was granted.

If the evidence offered fully meets the conditions set out, and it presents important facts germane to the issue in controversy, which, considered with the evidence presented on the trial, might cause a jury to take the other view, then justice requires that a new trial should be granted, for in such a case it is essential to the administration of substantial justice that another jury pass upon the issue in controversy, with the added light which

such new evidence will throw upon the case. *Nelson v. State,* 121 Neb. 658. The recognition of the right to a new trial in such case meets the demands of justice, and the legislature has clearly provided that a defeated litigant should, under the conditions set out, be given this right. When such a showing is made, the trial judge must examine, weigh and analyze the application and the proofs submitted, and with deliberation act in accordance with good judgment, controlled by sound principles of law, to the end that substantial justice may be done.

This court is forced to the conclusion that the defendant, having clearly complied with our statute and with the rules announced herein, is entitled to a new trial, and therefore the order of the district court in overruling the motion therefor is reversed and a new trial is ordered.

REVERSED.