GENEVIEVE BREEN, APPELLEE, v. GLADYS NUGENT, APPELLANT.

274 N. W. 379

FILED JUNE 30, 1937. No. 30024.

*Dressler & Neely, Finlayson, Burke & McKie* and *Barton H. Kuhns*, for appellant.

*McGan & Burbridge, contra.*

Heard before ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and RINE, District Judge.

PAINE, J.

This is a suit for personal injuries received in an automobile accident, and the issue actually tried was the liability of the owner of the car under the guest law of Nebraska. At the close of all the evidence,' each side moved for an instructed verdict, and the jury were discharged, and the trial court rendered a judgment for plaintiff for $2,000, and defendant appeals.

On July 15, 1935, plaintiff filed her petition, in which she set out that the defendant was the owner of a Ford V-8 sedan, and on June 23, 1935, plaintiff was riding as a guest and, at the request of the defendant, was driving the car; that when about two miles north of Waterloo, upon a graveled highway, traveling at a speed of about 30 miles an hour, the defendant, without warning, took hold of the steering wheel and carelessly and negligently drove the automobile off the highway and into a bank, and severely injured the plaintiff by causing a severe concussion of the brain, a severe sprain of the sacroiliac joint, a cut four inches long on the top of her head, sprains to the neck, and other bruises and cuts, and since said accident she has been confined to her bed the greater portion of the time, after being confined in the hospital for two weeks; that she has suffered nervous shock and great physical pain; and further sets out that she was an able-bodied woman, 33 years of age, earning $75 a month as a filing clerk, and had an expectancy of 32.36 years.

In this petition the plaintiff charges that the defendant was grossly negligent in the following particulars: In failing to give any warning of an intention to take the steering wheel into her own hands and control and guide

and operate the automobile, and in driving the automobile off of the highway and into the bank adjacent thereto; that the defendant, by the exercise of reasonable care, could have seen, or should have seen, the proximate result of her acts; and, last, it was charged that the defendant was grossly negligent in becoming excited and confused, and taking said steering wheel and control of said car at the time and place.

To this petition the defendant filed an answer, in which she admitted the ownership of the car, and that plaintiff was riding as her guest by invitation on said day, and denied the other allegations of the petition.

On May 8, 1936, the case came on for trial before Honorable Arthur C. Thomsen, district judge, and a jury. In her evidence the plaintiff, in describing just how the accident occurred, said in answer to a question on her direct examination: "Well, there was a truck approaching us and I was driving the car, and naturally I moved over to the right side to give the truck a little room, and as I was driving the car toward the center, Miss Nugent grabbed hold of the wheel and she fell right over me and grabbed the wheel and stepped on my foot, and just at that time I had no control of the car then; I had my hands on the wheel and I was trying to get to the center of the road, and she had grabbed the wheel and her foot was on my foot, and just then the car gave one leap as she stepped on my foot and the car went into the ditch."

At the close of the testimony of the plaintiff's four witnesses, the plaintiff asked leave to amend her petition to include other injuries than those pleaded, which application was denied by the court. The defendant thereupon moved the court to instruct the jury to return a verdict in her favor. The plaintiff thereupon made the same motion, which motions were overruled, and the defendant introduced in her behalf the testimony of three witnesses, the first being Earl J. Donnelly, who testified that he was employed in the auditing department of the Western Union Telegraph Company, and owned a cottage on Todd lake near

Waterloo, and had had some conversation with the plaintiff, Mrs. Breen, about renting her his cottage, and had made an appointment to meet her at the cottage on Sunday afternoon, June 23, and when they arrived the plaintiff and defendant and two other people were in the car, and the defendant, Gladys Nugent, was driving her own car; that after the conversation and discussion of half an hour about renting the cottage, they started back for Omaha. Mr. Donnelly testified that he told them to follow him and he would guide them back to Omaha by a different route, and while driving south on a graveled road, where the gravel was particularly thick, he missed them when he looked up in his mirror, and turned around and drove back, and found them in the ditch on the east side of the road, which would be on the driver's left-hand side; that when he arrived the four people were still in the car, and no one else had arrived; that the plaintiff and defendant were covered with blood; that Mr. McGrath and Mrs. Murphy were lying in the top of the car, the car being completely turned over.

The second witness called by the defendant was Henry Schraeder, who testified that he was working at the Edgewater Dairy Farm, about 20 rods from where the defendant's car went in the ditch. He saw a lot of dirt and dust and immediately started for the place of the accident with a boy, and when he arrived Mr. Donnelly had taken out the two who were on the front seat of the car, and he helped take out the other two, and later he brought Mr. McGrath and the defendant to Omaha.

The defendant thereupon took the witness-stand, and testified that she was a comptometer operator at the Western Union Telegraph Company, and owned the car in question, and had taken the plaintiff, Mrs. Breen, Mr. McGrath, and Mrs. Murphy as her guests out to Todd lake; that when they started to leave Todd lake she suggested that Mrs. Breen drive, as she was tired; that the accident occurred about two miles from Todd lake, before they reached the main highway. When asked to tell what hap-

pened at the time of the accident, her answer was: "The only thing I can say is when we got over there, I thought the car was skidding and grabbed the wheel of the car. * * * It did happen suddenly." On cross-examination she was asked by Mr. McGan whether she was dozing and woke up suddenly. Her answer was: "No; I wouldn't say I was dozing, but I wasn't as wide awake as I am right now."

After the testimony of these three witnesses, the defendant rested, and each party again moved the court for a directed verdict, the grounds of the defendant's motion being that the evidence is insufficient to show that the defendant was grossly negligent within the meaning of the guest statute; that the act of the defendant was performed in an emergency and in a state of excitement and confusion, but that the evidence does not show that such act was the proximate cause of the plaintiff's injuries; and for the further reason that the plaintiff, in accepting the invitation to drive the defendant's car, assumed the risk of the injuries which she sustained.

The court then made this ruling: "Let the record show that the question of both damages and negligence and all questions of fact involved is submitted to the court for his decision on the motion of both parties for a directed verdict." Thereupon the jury were discharged and the case was argued to the court, and the court, at the close of the arguments on May 8, 1936, found for the plaintiff and entered judgment for her in the sum of $2,000 with interest and costs. Thereafter, on May 11, Barton H. Kuhns, attorney for defendant, filed a motion for new trial, and on May 16 said motion was argued and submitted to the court and taken under advisement.

Thereafter, on May 22, the said Barton H. Kuhns filed a motion that he be permitted to withdraw from the case as attorney for the defendant, setting out at length that from the time he was first employed by her on June 27, 1935, up until 5:00 p. m. on May 16, 1936, when the motion for a new trial had been argued and submitted, his client had

led him to believe that the use of intoxicating liquor at the time of the accident by any of the occupants of the car was not in any way involved, but that, after the argument on the motion for a new trial, his client had informed him that she had intentionally withheld a full disclosure of the facts and circumstances surrounding said accident, and "that the element of drinking by the occupants of the said automobile, or some of them, was a material factor and consideration in connection with the accident, and that the accident probably would not have happened had the occupants of the said automobile, or some of them, not been drinking, and that the said Gladys Nugent and the other occupants of the automobile involved in said accident had, subsequent to the happening of said accident and prior to the time when the said Gladys Nugent first discussed the accident with the said Barton H. Kuhns on June 27, 1935, mutually agreed among themselves that they would not say anything about the use of intoxicating liquor during the time immediately preceding said accident by the occupants of the said automobile."

Thereupon, on said May 22, 1936, the court gave Barton H. Kuhns and Alexander McKie, Jr., leave to withdraw their appearance as attorneys for the defendant, and Robert D. Neely entered his appearance as attorney for the defendant, and further argument was continued to a later date.

On June 13, 1936, a supplemental motion for a new trial was filed, which set out for the first time, as a ground for a new trial, newly discovered evidence which the attorney appearing for the defendant could not with reasonable diligence have discovered and produced at the trial, namely, evidence to show that the accident was caused by the use of intoxicating liquor by the plaintiff and other occupants of defendant's car, and on June 23 Robert D. Neely asked leave to take the oral evidence of his client, the defendant Gladys Nugent, and Barton H. Kuhns in support of his motion for a new trial, to which Mr. Burbridge, attorney for the plaintiff, objected for the reason that there has

been no affidavit filed to support what she is going to testify to; that the record clearly shows that she testified at the trial and was in the courtroom, and that anything she might say at this time would be immaterial and incompetent, which objection was overruled.

In this oral evidence of the defendant, upon examination by Mr. Neely in support of the supplemental motion for a new trial, she was asked this question: "When you reported the accident to your insurance company, did you make any mention of intoxicating liquor?" She answered: "Mr. Kuhns said, 'Did you have anything to drink?' And I said, 'We had some beer.' And that is all I said, and that is all he ever said about it."

In addition thereto there was offered, in support of the motion for a new trial, 112 pages of evidence of eight witnesses which had been taken in the trial of the case of Harry McGrath v. Gladys Nugent, being a suit against the same defendant, growing out of the same accident, and on June 29, 1936, the court overruled the motion for a new trial. It thus appears that, while the bill of exceptions discloses that but 90 pages of evidence were taken on the trial of the case in chief before the jury, 137 pages of evidence are shown in the bill of exceptions as having been given in support of the motion for a new trial.

It now becomes our duty to examine, first, the motion for a new trial, which was filed within three days, and set out as grounds therefor: (1) Because the judgment was not sustained by sufficient evidence; (2) because it was contrary to law; (3) because of errors of law occurring at the trial; (4) because the amount of recovery was too large and excessive; and (5) because the evidence was not sufficient to sustain a finding that the defendant was grossly negligent within the provisions of section 39-1129, Comp. St. Supp. 1933 and 1935; next, to examine the supplemental motion for a new trial, filed more than a month after the judgment was entered, setting out the newly discovered evidence material to the case and the many pages of oral evidence of many witnesses taken in support thereof.

Section 20-1142, Comp. St. 1929, covers the subject of new trial, and provides in the seventh paragraph that a new trial may be granted on the ground of "newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial." This question has been before this court on innumerable occasions. In *Van Horn v. Cooper & Cole Bros.*, 88 Neb. 687, 130 N. W. 567, it was said in the opinion that the witnesses did know all before the trial that they knew thereafter, and therefore the evidence was not newly discovered; that it was claimed that they did not advise the attorneys representing the defendant of the facts within their knowledge until after the trial, and Judge Reese says this was either negligence or stupidity; that it is not enough that the evidence should be material and not cumulative, but it must further appear that the applicant for a new trial could not have discovered and produced such evidence at the trial.

In *Buzzello v. Sramek*, 110 Neb. 262, 193 N. W. 743, it was said that the witness was a tenant of the plaintiff, and resided on the same lot with the plaintiff and his family, and the relations between them were cordial, and no sufficient reason was shown for the failure to produce this witness at the trial.

In *Wiegand v. Lincoln Traction Co.*, 123 Neb. 766, 244 N. W. 298, a new trial was allowed to enable the defendant to produce the evidence of five eyewitnesses to the accident. All of them were in cars on O street, where they saw the accident, and, driving immediately away, could not be, and were not, discovered to have witnessed the accident until long after the trial, and whose evidence was material in the case. It is there said that new trials on the ground of newly discovered evidence have not been favored by our court. *Smith v. Goodman*, 100 Neb. 284, 159 N. W. 418. That the reason is that the moving party has ample opportunity to carefully prepare his case and secure all of the evidence before the trial, but after the case is lost he is always aroused to diligent activity, and, therefore, a new

trial should only be granted in exceptional cases, to the end that counsel will expend more effort in making the fullest preparation before the trial. It is set out, after an examination of many authorities, that proof should be produced that neither the litigant nor his attorney could have discovered such evidence before the trial by the exercise of due diligence.

In the case at bar, the defendant makes application for a new trial on the ground that she did not disclose to her attorney that some of the parties in the car had been drinking whisky, in addition to the fact that she disclosed that they had been drinking beer. It might well be asked whether, if the defendant withholds some information from her attorney, this gives the court ground for setting aside a judgment secured by the plaintiff in a fair trial, which the defendant now wishes to avoid paying? The defendant is asking that she be given a new trial for her own default in not advising her own attorney as to all the facts, in other words, for her own bad faith.

In our opinion, the motion for a new trial, based on the ground of newly discovered evidence set out herein, was properly overruled by the trial judge. We have carefully examined each of the three errors relied upon for a reversal. There being no prejudicial error in the record, the judgment of the trial court is hereby

AFFIRMED.