GATE CITY COMPANY, APPELLEE, V. DOUGLAS COUNTY, APPELLANT.

282 N. W. 532

FILED DECEMBER 9, 1938. No. 30429.

*James T. English* and *Thomas C. Quinlan*, for appellant.

*Leigh & Krajicek, contra.*

Heard before ROSE, C. J., PAINE, CARTER and MESSMORE, JJ., and LANDIS and KROGER, District Judges.

KROGER, District Judge.

On September 28, 1937, the board of county commissioners of Douglas county, Nebraska, passed its resolution disallowing the claim of the Gate City Company, hereinafter referred to as plaintiff, on account of coal furnished by said company to the county, hereinafter referred to as defendant, between January 1, 1937, and September 16, 1937, the reason given being that the funds levied for such purpose had been exhausted. Notice of appeal was duly given, and on October 4, 1937, the plaintiff filed its transcript on appeal in the district court for Douglas county, and in its petition alleged that between the dates stated it had furnished coal for the use of the defendant, and that the reasonable market value of said coal was $15,305.35, no part of which had been paid. The county attorney of Douglas county, under instructions of the county board, filed an answer on behalf of the county in which he admitted delivery and acceptance of the coal in question, and further admitted that the amount of the claim was the reasonable market value of the coal furnished. On October 21, 1937, a hearing was had resulting in a judgment in favor of the plaintiff in the sum of $15,859.47. On De-

cember 13, 1937, a motion for new trial was filed by the defendant on the ground of newly discovered evidence, supported by numerous affidavits. The term of court at which said judgment had been rendered had not adjourned *sine die* at the time the motion for new trial was filed and was not adjourned until February 5, 1938. The affidavits in support of the motion for new trial are substantially alike and consist of statements by various coal dealers operating in Douglas county, Nebraska, to the effect that between January 1, 1937, and September 16, 1937, the fair market value of coal such as was delivered by plaintiff to the defendant was from a minimum of $1 to a maximum of $2.45 a ton, whereas the plaintiff had made a charge of from $3.54 to $4.14 a ton. On February 5, 1938, the district court for Douglas county entered an order overruling defendant's motion for new trial and it is from this order that this appeal is prosecuted.

It is the contention of the defendant that the court erred in overruling its motion for a new trial based upon newly discovered evidence which it could not, with reasonable diligence, have discovered and produced at the trial; and the contention of the plaintiff is that the defendant has wholly failed to show that it exercised reasonable diligence in endeavoring to obtain the evidence and, in addition, that, having admitted in its answer that the fair market value of the coal was as claimed by the plaintiff, the evidence would have been incompetent had it been offered.

With these contentions of the plaintiff, we are agreed. This court has repeatedly held that, in order to obtain a new trial on the ground of newly discovered evidence, the evidence alleged to have been discovered must be such that it could not with reasonable diligence have been discovered and produced at the trial. *Wiegand v. Lincoln Traction Co.*, 123 Neb. 766, 244 N. W. 298; *Buzzello v. Sramek*, 110 Neb. 262, 193 N. W. 743.

In this case, there is no such a showing. On the contrary, the most obvious source of information as to the fair market value of coal in Douglas county would be the

dealers in that commodity. There is no showing that an effort was made to obtain this information from any of the dealers in Douglas county or from any other source, and the newly discovered evidence set out by defendant consists almost exclusively of information furnished by such other coal dealers. In addition, the defendant in its answer admitted that the amount claimed by plaintiff was the fair market value of the coal in question, so that, under the pleadings as they then stood, the evidence would have been incompetent had it been produced and offered. It follows that the ruling of the trial court was correct in denying a new trial on the ground of newly discovered evidence.

However, the showing made in support of defendant's motion for new trial was such as to apprise the court of the fact that, instead of representing the fair market value of the coal delivered, the claim of the plaintiff was excessive and, in one transaction, represented a profit to the plaintiff of 254 per cent.

While courts will not ordinarily interfere after judgment has been entered against a party upon its own admission, nevertheless, there is an exception to this rule, and that is where such party is a corporation or public body and, of necessity, is represented by agents. If, in such case, due to fraud practiced by the prevailing party, a judgment is entered that is unjust, the courts have inherent power to set such judgment aside upon such facts being made known. 15 R. C. L. 706, sec. 158.

In this case, information was brought to the court during the term at which the judgment was rendered of such a nature as to inform the court that one of the parties had practiced a fraud upon the other. Under those circumstances, the court had the inherent power, and it was its duty, on its own motion, to set the judgment aside and to grant a new trial.

As was said by this court in the case of *Weber v. Kirkendall,* 44 Neb. 766, 63 N. W. 35: "The rule thus recognized has not only the sanction of authority, but rests upon the soundest and most satisfactory reasons. The power is in-

herent in all courts of general jurisdiction to correct errors committed by them which are clearly prejudicial to the parties, and their power in that respect is exercised not alone on account of their solicitude for the rights of litigants, but also in justice to themselves as instruments provided for the impartial administration of the law."

We conclude that, although counsel for defendant designated the proceeding as a motion for new trial on account of newly discovered evidence, in substance and effect, it was a motion to set aside the judgment on the ground of fraud practiced by the successful party and, as such, it should have been sustained.

For the error herein pointed out, the judgment of the trial court is

REVERSED.