JOSEPHINE JENSEN, APPELLANT, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY ET AL., APPELLEES.

16 N. W. 2d 847

FILED DECEMBER 15, 1944. No. 31849.

*Ritchie & Swenson* and *Edward F. Fogarty,* for appellant.

*Gray & Brumbaugh, Kennedy, Holland, DeLacy & Svoboda* and *L. J. Tierney, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

MESSMORE, J.

Plaintiff brought this action to recover damages for personal injuries sustained by her when she tripped over the lower panel of a door and fell through the opening, caused as the result of an opaque glass panel in the door having been broken. At the conclusion of plaintiff's testimony, the court directed a verdict in favor of the defendant building corporation and dismissed it from the case. The case proceeded against the defendant insurance company, the cause was submitted to the jury, and a verdict was returned in the amount of $650 and costs. Plaintiff and defendant insurance company filed motions for a new trial, both of which were overruled. Plaintiff appeals.

Plaintiff's motion for a new trial alleges: "The plaintiff has newly discovered evidence material for maintaining her cause which she could not with reasonable diligence have discovered and produced at the trial." Plaintiff contends that the court erred in overruling her motion for a new trial. The evidence, upon which plaintiff bases her right to a new trial, is, in substance, as follows:

The janitor of defendant building corporation testified

that he was called to the premises of the insurance company where plaintiff's accident occurred, for the purpose of obtaining glass to put in the door, and that he went to the insurance office after plaintiff fell. Her counsel had no way of knowing that such statement was not true. The insurance company introduced witnesses who testified that the janitor of the building corporation had measured the door, through which the plaintiff fell, before the accident. If this evidence were true, plaintiff contends, the janitor had negligently left the door closed, because the testimony shows that no one had gone near the door after the janitor had measured it for glass size, and such negligence was the proximate cause of plaintiff's accident and damage.

Affidavits of plaintiff's counsel in support of her motion for a new trial confirmed the foregoing and, in addition, set forth circumstances by which it is claimed there was no opportunity to interview or contact the employees of the insurance company concerning the accident, and that plaintiff had no knowledge of the testimony which would be adduced by such witnesses. Counsel who tried the case in his affidavit stated that prior to the trial he discussed the matter with the janitor of the building corporation; the latter advised the affiant, as the janitor later testified in court, that after he measured the door he left it in an open position; that the affiant had no knowledge that several employees of the insurance company would testify to facts which would prove the contrary, or he would have called such witnesses.

The plaintiff called as witnesses the employees of the building corporation and the district manager of the insurance company. On the latter's cross-examination the names of the other employees in the insurance office were given. Plaintiff did not call any of such employees, but the testimony given by them in defense of the insurance company is the evidence which plaintiff contends is newly discovered evidence, such as to warrant the granting of a new trial. The record discloses that the employees of the insurance company were available at all times and present in court

at different times. It is further disclosed that ample opportunity was afforded plaintiff's counsel to obtain evidence with reference to all of the circumstances, even during the course of trial.

"A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the court, and on appeal, the ruling thereon will not be disturbed, unless a clear abuse of discretion is shown." *Allender v. Chicago & N. W. Ry. Co.*, 119 Neb. 559, 230 N. W. 102. See, also, *Reinsch v. Pacific Mutual Life Ins. Co.*, 140 Neb. 225, 299 N. W. 632.

Under the circumstances, there was no abuse of discretion shown on the part of the trial court in denying a new trial. The claimed newly discovered evidence was available, had due diligence been exercised. There is no reason why the employees of the insurance company could not have been contacted and questioned about every matter pertinent to this case. There is nothing to disclose that plaintiff's counsel was denied this privilege. It was not even requested.

To make sufficient showing on the ground of newly discovered evidence, as contemplated by the seventh subdivision of section 20-1142, Comp. St. 1929, the proof must show that neither the litigant nor his counsel could have discovered the evidence by the exercise of due diligence. See *Wiegand v. Lincoln Traction Co.*, 123 Neb. 766, 244 N. W. 298.

"Newly discovered evidence is not a ground for a new trial, where the exercise of due diligence before trial would have produced it." *Hardt v. Orr*, 142 Neb. 460, 6 N. W. 2d 589. See, also, *Gate City Co. v. Douglas County*, 135 Neb. 531, 282 N. W. 532; *Buzzello v. Sramek*, 110 Neb. 262, 193 N. W. 743.

Plaintiff contends that the evidence given in defense of the insurance company by its employees constituted surprise. Plaintiff's failure to move for an adjournment of the trial precluded a new trial on the ground that the plaintiff was surprised by the evidence of the insurance com-

pany. *Bonacorso v. Camden Fire Ins. Assn.*, 130 Neb. 203, 264 N. W. 442. See, also, *Hahn v. Doyle,* 136 Neb. 469, 286 N. W. 389.

The plaintiff's petition ,alleged that the door, through which she fell, was permitted to remain closed by the employees of the insurance company and the building corporation, and "thereby a dangerous trap was set." The building corporation in its answer denied the statement and alleged that "the condition of the door and its position were open, obvious and apparent and known to the plaintiff, * * * ." The separate answer of the insurance company alleged that prior to the fall of the plaintiff the glass in the entrance door to the office had been broken; that certain precautions were immediately taken to protect the employees and customers of the office from injury, the manager of the building corporation was notified, and the agent of such building corporation had assumed charge of the door and its repair. From the pleadings, the plaintiff, by the exercise of due diligence before trial, could have obtained the evidence which plaintiff now claims is her newly discovered evidence.

In the case of *Secord v. Powers,* 61 Neb. 615, 85 N. W. 846, this court held: "A party should, in preparing his case for trial, proceed on the assumption that his adversary will produce evidence to make good the averments of his pleading." Followed in *Kielian v. Kent & Burke Co.,* 131 Neb. 308, 268 N. W. 79.

Applications for a new trial are entertained with reluctance and granted with caution, because of the manifest injustice in allowing a party to allege that which may be the consequence of his own neglect in order to defeat an adverse verdict, and, further, to prevent fraud and imposition which defeated parties may be tempted to practice to escape the consequences of an adverse verdict. The trial court did not err in overruling plaintiff's motion for a new trial.

The plaintiff complains of the inadequacy of the verdict. From a review of the record, we conclude that the extent

of the plaintiff's injuries, the expense incurred thereby, and the amount to be allowed for pain and suffering are for the jury, and, where, as here, the amount allowed has not been shown to be inadequate or unreasonable under the proof adduced, the jury's verdict will not be disturbed.

AFFIRMED.