AILEEN JUNE ROSSMILLER, APPELLEE, v. ROBERT BECKER, APPELLANT.

61 N. W. 2d 393

Filed December 11, 1953. No. 33396.

W. O. *Baldwin* and *Jack Devoe*, for appellant.

*Robert B. Waring*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

The plaintiff brought this proceeding alleging that she was delivered of a child out of wedlock on February 3, 1952, and that the defendant is the father of the child. The defendant entered a plea of not guilty. A jury determined this issue in favor of the plaintiff, and the defendant appeals.

The plaintiff was a single girl about 27 years of age. She came to Lincoln in 1950 where she was gainfully employed during the times herein mentioned. She met the defendant shortly thereafter and started keeping company with him in February 1951. He was a single man about 29 years of age and engaged in the operation of a gasoline and oil station in Lincoln. The plaintiff testifies that they engaged in sexual relations sometime after they commenced keeping company and that they continued to engage in them until the middle of June 1951. The defendant admits keeping company with the plaintiff, as she testifies, but denies that he ever had sexual relations with her.

The plaintiff was able to conceal her pregnancy from her sister with whom she lived, as well as from her mother with whom she visited frequently. The defendant was not informed of her condition until after the child was born. The evidence shows that plaintiff and her sister drove to Chester, Nebraska, on Friday, February 1, 1952, to visit their mother. After the birth of the child on the following Sunday plaintiff disclosed for the first time that the defendant is the father of the child. A brother and sister of the plaintiff drove to Lincoln

on that day and informed the defendant of the birth of the child and plaintiff's claim that he is the father. He returned to Chester with them and visited with the plaintiff. She testifies that he said he was willing to help her out, but did not state how he would do so. He agreed to return the following Wednesday, which he did. At that time he refused to talk about any amicable settlement of the matter. Plaintiff's evidence does not show that the defendant either expressly admitted or denied that he is the father of the child on either of his two trips to Chester. It appears that there was no issue on this point between the defendant and the plaintiff and the plaintiff's family on either of his visits to Chester, except that defendant now says he denied the charge. Defendant admits that he agreed to help plaintiff out, but now claims that this offer was merely the result of sympathy and friendship. There are other conversations and circumstances in the record which tend to corroborate plaintiff's claim. There was an issue raised concerning defendant's ownership of a Packard automobile. Plaintiff contends that she had sexual intercourse with the defendant in his Packard car. He contends that he never had a Packard car until June 21, 1951. His certificate of ownership, however, bears the date of May 21, 1951. This collateral issue was before the jury and we must assume that it was given the weight to which it was entitled.

Plaintiff testifies that she had sexual relations with no other man. The defendant admittedly was keeping company with the plaintiff during the period when the child could have been conceived. Although the defendant denies having sexual relations with the plaintiff, there are other facts and circumstances which the jury could properly consider. Defendant told plaintiff's brother that he did not know whether the baby is his or not and that he did not know if he would do anything about it. His offer to help the plaintiff does not appear consistent with the conduct of one falsely ac-

cused of so serious a charge. The evidence clearly shows that he remained silent and refused to talk on many occasions when an innocent man would ordinarily be vehement in his denials. The evidence is sufficient to sustain the finding of the jury that he is the father of plaintiff's child.

Defendant contends that the trial court erred in overruling the motion of the defendant to require the plaintiff to make her complaint more definite and certain by setting forth the date, place, and time of the act of sexual intercourse resulting in the conception of the child. The complaint is in the language of the statute authorizing the proceeding. § 13-113, R. S. Supp., 1951. This is all that is required. Campion v. Lattimer, 70 Neb. 245, 97 N. W. 290. The rule is: In a proceeding by the mother of a child born out of wedlock, brought under section 13-113, R. S. Supp., 1951, the necessary allegations of the complaint are that plaintiff is a resident of the state where the complaint was filed, that on a day certain she was delivered of a child born out of wedlock, and that the accused is its father. The trial court did not err in overruling the motion to make the complaint more definite and certain.

Defendant complains of the refusal of the trial court to admit exhibit No. 3 into evidence at the hearing on the motion for a new trial. This exhibit is an affidavit by one Glen G. Grunke, who stated therein that he sold a Packard automobile to the defendant on June 21, 1951, and that he did not deliver possession of it to the defendant before that date. He offered therein to testify to this fact. There was no evidence of reasonable diligence on the part of the defendant to procure this evidence at the trial. We fail to see any reason why this witness could not have been produced. The defendant knew from whom he purchased the car and, for aught the record shows, he was at all times available. The rule is stated in Wiegand v. Lincoln Traction Co., 123 Neb. 766, 244 N. W. 298: "Defendant must show that the evi-

dence came to him since the trial, and was not equally available to him previous to that trial, and was not simply discovered by exercise of belated diligence." See, also, In re Guardianship of Carstens, 151 Neb. 425, 37 N. W. 2d 581. The trial court committed no error in refusing to admit exhibit No. 3 as evidence under the circumstances shown.

We find no prejudicial error in the record and the judgment is affirmed.

AFFIRMED.